*S. Judah*, for the plaintiff.

---

MOORE *v.* ALLEN and Others.

In an action brought to contest the validity of a will which has been admit-
ted to probate, on the ground of the incapacity of the testator, the burden of
proof is on the plaintiff, and he has the right, under the R. S. 1852, to open
and close the argument to the jury.

The R. S. 1852 allow a party to be examined on behalf of his co-plaintiff or
co-defendant as to any matter in which he is not jointly interested with such
co-plaintiff or co-defendant.

In a proceeding against the heirs and the executor of a testator, to contest the
validity of his will, the interest of the heirs and executor is not a joint one.

APPEAL from the *Union* Court of Common Pleas.

DAVISON, J.—This was an action by *John Moore* against
the executors and heirs at law of *Joel Moore*, deceased.
The object of the proceeding was to contest the validity of
an instrument purporting to be the last will of said dece-
dent.  The complaint alleges that the will had been proved
in due form, and sets out the same, with its probate, at full
length.  It is averred that the instrument so admitted to
probate is not the last will of *Joel Moore*, because, at the
time he signed it, long prior thereto, and ever after, until
his death, he was of unsound mind and memory, and in-
capable of making a will, &c.  The defendants answered
that the instrument was the last will of the decedent, and
that when it was executed he was of sound and disposing

mind and memory, &c. The jury found for the defendants. A new trial was refused and judgment rendered on the verdict.

The record contains a bill of exceptions. It shows that the plaintiff, at the proper time, moved the Court for permission to open and close the case. This motion was overruled and the cause opened and closed by the defendants.

Under the R. S. 1843, this decision of the Court would have been correct; but a different rule of proceeding seems to be established by ss. 324 and 326, pp. 109—112, 2 R. S. 1852. These provisions enact, that "the party on whom rests the burden of the issues must first produce his evidence;" and that "in the argument, the party having the burden of the issue shall have the opening and close." This rule applies to the case before us. The complaint admits the execution of the will and its probate; but alleges that *Moore* was of unsound mind and memory, and incapable of making a valid will. This allegation the plaintiff was bound to prove. And to make such proof constituted the burden of the issue. He was, therefore, entitled to open and close the case.

The bill of exceptions further shows that *James Allen* and *Andrew Witt*, the subscribing witnesses to the will, also the executors therein named, and two of the defendants in this suit, were admitted over the plaintiff's objection, to give testimony in the cause. The ground of objection was that they were parties and interested.

By section 302, p. 97, 2 R. S., it is provided that "a party may be examined on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested with such co-plaintiff or co-defendant." Prior to this enactment the testimony of *Allen* and *Witt* would have been objectionable, because they were parties to the record; but the provision just quoted removes that disability. It then remains to be considered whether the executors were, in this proceeding, jointly interested with the legatees in the subject-matter of the suit. The interest of the former was such only as resulted from their fiduciary character. It was different from that of the legatees—theirs being a

direct interest in the estate designated by the will. The prominent object of both may have been to sustain the will; yet they were severally and not jointly interested in the result. From this it would seem that the executors were not, in the sense of the statute, jointly interested with their co-defendants. It has been ruled that "an executor having no other interest than his fiduciary character imparts to him, is a competent witness to prove the will." *McDaniel's Will*, 2 J. J. Marsh. 331. The witnesses were, in our opinion, properly admitted.

But the Court erred by refusing to permit the plaintiff to open and close; and for that error the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

. *W. A. Bickle* and *O. P. Morton*, for the appellant.

*C. H. Test, J. Yaryan* and *J. Perry*, for the appellees.