|    |    |
|----|----|
| 60 | 49 |
| 62 | 12 |

EDWARD GOLDSBORO v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

1. Whenever, in an action for personal injuries received at a railroad crossing, by a collision with a train, there exists a fair controversy upon the question of contributory negligence, upon the proof either of a direct or circumstantial character, whether the plaintiff could see or hear an approaching train, a situation has arisen which requires the submission of the question to the jury.

2. Photographs, in order to be admissible in evidence, must be verified by proof that they are correct resemblances or true representations of the subject. Whether they are so verified is a question to be decided by the judge presiding at the trial. *Quære.* Can the decision of the trial judge, as to such verification, be reviewed?

---

On rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *John W. Wescott.*

For the defendant, *John L. Conover.*

The opinion of the court was delivered by

LIPPINCOTT, J. This action was brought to recover damages for injuries claimed to have been sustained by the plaintiff in a collision with a locomotive on the New Jersey Southern Railroad, at a crossing near Shephard's Mills, in the county of Cumberland, on the 28th day of December, 1892.

The plaintiff was driving in an open wagon on a public road which approached this. railroad crossing at about an angle of twenty degrees, and as his horses reached the track they were struck by the locomotive and killed, his wagon was thrown to one side and the plaintiff injured. The wagon road approached and entered upon the tracks on a down grade, with banks on either side. The railroad tracks were also on a down grade, between banks on either side to a considerable height. Upon the apex thus formed there were growing some pine trees or bushes which, to some extent, obscured the vision. The train came from the plaintiff's right, somewhat towards his back.

The plaintiff claims that he looked in both directions from which a train might be expected, and listened at a reasonable distance from the track. On his left-hand side there was a woods which was an obstacle, to some extent, to a clear vision. The plaintiff swears that he heard no signals of the approaching train, and in this he is corroborated by several witnesses.

The contention of the defendant upon the point of contributory negligence was that the plaintiff had such an opportunity to see and hear the train approaching, that his not seeing or hearing it could only arise from culpable default on his part in this respect, and that, therefore, on this ground there should have been a nonsuit or a direction of a verdict for the defendant.

Whenever there exists a fair doubt upon the question of the contributory negligence of the plaintiff, the question must be submitted to the jury, and the answer to this contention of the defendant is to be found in the evidence in the case. The question whether the plaintiff could see or hear the approaching train in time to avoid the danger of collision, was much controverted both by the direct as well as the circumstantial proof in the case, and it is only necessary to say this proof was in such a conflicting condition as required its submission to the jury.

The question whether the statutory signals were given by the engineer of the train by sounding the whistle or ringing

the bell in approaching the crossing, was a disputed one. The plaintiff swears they were not given, and he was listening as he approached the crossing. Three other witnesses in carriages or wagons immediately behind the plaintiff, approaching the crossing, and looking and listening, heard no signals. Two other witnesses in the immediate neighborhood say that they heard no signals of the approaching train.

On the part of the defendant, the engineer and fireman testified that the statutory signals were given.

This situation required a submission of these questions of fact to the jury for solution. *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Vroom* 342, 345.

No error has been discovered in the charge of the trial justice in submitting these questions to the jury.

It is further contended by the defendant that the trial justice erred in excluding certain photographs of the place of the accident. The accident occurred in December, 1892, and the photographs were taken in April, 1894, and others in May, 1896. There is some evidence that the character of the surroundings between these times had been changed. There is also evidence that no changes were made between these periods. A photographer was called, who testified to the making of small photographs from certain points of view. These were enlarged and were offered in evidence, but not preceded or connected with any other proof that they were correct representations of the place at any time. This ancillary proof was not only not offered, but counsel for the defendant stated that the offer was to prove the situation of affairs at this crossing, so far as the offer was concerned, by the photographs alone. It is not necessary to discuss the question whether photographs taken so long after the accident would be admissible in evidence, even if supported by proof of their correctness as a representation at the time they were taken. These photographs were not supported by any proof that they correctly represented the crossing at any time.

As evidence, photographs have been held as admissible upon the question of identity and comparison of handwriting,

and as secondary evidence when the primary and better evidence could not be obtained. It may be generally regarded as a rule that they are never admitted but as secondary evidence. They have been admitted to show the condition and identity of the premises. *People* v. *Buddensieck*, 103 *N. Y.* 487; *Acher* v. *New York, New Haven and Hartford Railroad Co.*, 106 *Id.* 589. There are many illustrations in the cases of the admissibility of such evidence. But they are not admissible unless authenticated by other evidence that they are correct resemblances or truthful representations. *Cowley* v. *People*, 83 *Id.* 464.

In *Blair* v. *Pelham*, 118 *Mass.* 420, Chief Justice Gray held that the photograph must be verified by proof that it was a true representation of the subject, and that whether it was sufficiently verified was a preliminary question of fact to be decided by the judge presiding at the trial.

These photographs were properly rejected by the trial justice.

The verdict was for $2,500. The plaintiff was a workingman of good character and industrious habits. His knee was permanently disabled, and it was shown in the evidence, as the result of the accident, that he suffers from severe injuries to the back and spine, and that his limbs are gradually withering and losing power, and it is questionable whether he can ever recover from his injuries.

Under the circumstances of this case, the damages were not excessive.

The rule to show cause is discharged.