## STATE *vs.* JOHN HERSOM.

### Kennebec.    Opinion May 13, 1897.

*Assault. Presumption. Evidence. Practice. R. S., c. 75, § 77.*

The Superior Court for Kennebec County has authority, by section 77 of
Chapter 75 R. S., to order that a certified copy of a bill of exceptions taken
in a criminal case in that court, together with the written argument of
counsel, be transmitted within thirty days from the date of the order to the
Chief Justice for a decision of the same by the law court; there being no
ruling that the exceptions are frivolous or intended for delay.

A photograph, like a plan or other picture, if its correctness be proved, may be
used in a trial before a jury to illustrate the evidence in the case.

The statutory term of assault with intent to commit manslaughter, means an
assault with an intent to commit an act which, if committed, would consti-
tute the offense of manslaughter.

The presumption that a person intends the natural consequences of his act does
not apply in a case where the circumstances show that a respondent threw a
rock at a complainant and missed hitting him; in such case he intended one
act and accidentally committed another, the presumption being thereby
negatived.

ON EXCEPTIONS BY DEFENDANT.

The defendant having been convicted of an assault, before the
Superior Court for Kennebec County, took exceptions which are
stated in the opinion of the court.

*G. W. Heselton,* County Attorney, for State.

*S. S. Brown, Jos. Williamson, Jr., and L. A. Burleigh,* for
defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-
HOUSE, STROUT, JJ.

PETERS, C. J. The counsel for the respondent energetically
protest against the order of the Superior Court of Kennebec county

that these exceptions be argued in writing, and that the arguments be transmitted to the Chief Justice of this court within thirty days after the date of such order. There being no ruling or suggestion that the exceptions are frivolous or intended for delay, we do not perceive why the judge of that court may not make such an order by virtue of the power conferred on him by section seventy-five of chapter seventy-seven of the revised statutes, relating to procedure in the superior courts of the state. That section provides that "all exceptions arising within the exclusive jurisdiction of either of said superior courts may be certified at once to the chief justice of the supreme judicial court, and shall, when so certified, be argued in writing on both sides within thirty days thereafter, unless the time for good cause be extended by the judge of said court." This seems to be a general provision applicable to civil and criminal cases alike. We think, however, that this discretionary power of the judge should be sparingly exercised in important criminal cases, for the reason that the order deprives a respondent of the privilege, which he may consider very valuable, of discussing his case before the court of last resort in open session. Anciently, personal presence of the accused was considered an indispensable necessity in all the stages of a trial until the final result.

Complaint is made by the respondent that a photograph of the room, and fixtures therein, in which the assault was alleged to have been committed by the respondent, was admitted in evidence. The correctness of the photograph was certified to by witnesses, and the jury visited and inspected the room for themselves. The defense had the same opportunity that the government had to ascertain how closely and correctly the picture represented the appearance of the room. It seems to us the criticisms by the defense are not well founded. Any plan or picture may be admitted in the discretion of the court in illustration or explanation of the testimony introduced at a trial, and many courts have so decided the question.

The accusation against the respondent is that he assaulted the complainant by throwing a rock at his head while the latter was standing behind the counter of a hotel office, and that the rock missed his head, striking against a key-rack or board just out of

range with his head. A specious contention was set up at the trial by the defense that, on the principle that a person is presumed to intend the probable consequences of his act, the respondent should be presumed as intending to miss the complainant and not to hit him. The judge correctly ruled, we think, that the principle invoked by the defense does not apply where a criminal act was intended but not accomplished. The maxim appealed to is not of universal application. A person does not intend to do an act unintentionally. It would lead to the absurd proposition of saying that if a man intended to hurt another but accidentally hurt himself instead of the other person, he consequently intended to hurt himself. Anything done accidentally cannot be done intentionally. Had the respondent hit a person standing where the key-board was, although he aimed his rock at the head of the complainant, and there were an indictment against him for an assault on such other person, then the presumption invoked here would be applicable. *State* v. *Gilman*, 69 Maine, 163. In fact there is no such legal presumption. It is merely a presumption of fact which the law sometimes sanctions, or approves, or allows a jury to act upon. And the admission that it is an inference of fact and not of law proves that its application depends on varying circumstances. Whar. Crim. Ev. (8th ed.) sec. 734, and following sections.

It is urged that the terms, an assault with intent to commit murder, or to commit manslaughter, are illogical and not intelligible to common minds. But we think the difficulty disappears when accompanied with the explanation that an assault of that kind means with the intention to commit such criminal acts as would, when committed, amount to the one crime or the other. It is not to be supposed that any criminal really appreciates in his own mind, when meditating the commission of crime, the exact degree of the offense he may be guilty of, whether murder in the first or second degree or manslaughter, and that can only be determined by the result of his criminal act. And here it is where the presumption before discussed has an application, and where a jury would be authorized to say that he intended to do the particular act actually done by him.

*Exceptions overruled.*