Alabaster Co. v. Lonergan.

---

## Alabaster Company v. Patrick Lonergan.

90 353
104 ²400
105 193

1. MASTER AND SERVANT—*Servant Not Required to Examine Appliances.*—A servant is not required to make a careful and critical examination of appliances furnished by the master before he uses them. He has the right to rely upon the performance by the master of his duty to furnish reasonably safe appliances for the use of his employes.

2. EVIDENCE—*Of Directions by the Master to Repair After an Accident.*—Evidence of directions given by a master to repair appliances after an injury, to be admissible, as tending to show negligence, must be so close in point of time to the injury as to be a part of the *res*

*gestae.* The fact of negligence is to be determined by what occurred before and at the time of the accident.

3. INSTRUCTIONS—*Not to be Misleading.*—An instruction in an action for personal injuries which is calculated to mislead the jury by omitting the question of the master's liability for the acts of his agents or employes with reference to the improper construction of appliances, is erroneous.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed July 16, 1900.

C. M. HARDY, attorney for plaintiff in error.

C. S. O'MEARA, attorney for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

In an action on the case for negligence brought by defendant in error against the Western Plaster Works, a corporation, and Patrick J. Gorman, on a trial before the court and a jury, the defendants were found guilty by the jury and damages assessed at $1,650, on which verdict judgment was rendered, to reverse which, this writ of error is prosecuted by the Alabaster Company, a corporation, to which latter name the Western Plaster Works has been changed since the rendition of the judgment.

Numerous errors have been assigned and argued, but the only ones which we deem it necessary to consider specially, in this opinion, are, first, whether the court should have instructed a verdict for defendants; second, whether there was error in the admission of evidence; and, third, whether the court should have given defendants' second instruction.

It seems sufficient to say as to the other points argued by counsel for plaintiff in error, that we have examined the record in the light of the arguments, and are of opinion that there is no reversible error in these respects.

It appears from the evidence that the Western Plaster Works had a large mill at South Chicago, which was used for grinding gypsum and granite, which, combined, made a product known as "staff," used in the construction of buildings; that near its building was a slip, where vessels

laden with gypsum or "rock," as it is frequently called by the witnesses, were unloaded and dumped upon the dock of plaintiff in error; that for this purpose a platform or gangway was constructed near the walls of the building of the plaster works to the hatches of the vessels to be unloaded, out of which the material was hoisted; that run-ways were constructed from this platform to the hatches of the vessels, which were supported by 2 x 6 inch timbers fastened to pedestals below, which, in turn, supported cross-bars of 2 x 8 inch timbers between the uprights, which cross-bars were raised or lowered as occasion required, by movable iron pins which ran through holes bored through the uprights; that on the cross-bars were placed side by side two planks 2 x 10 or 12 inches, on which wheelbarrows filled with the gypsum or "rock" were run from the vessel, where they were filled, to points upon the dock where the "rock" was dumped; that the plaster works employed the defendant Gorman at so much per ton, in the month of September, 1891, to unload a vessel lying at the docks; that Gorman, in turn, employed a man, one Bohling, with horses and other men, including defendant in error, who ran wheelbarrows in unloading the "rock" from the vessel and dumping it upon the dock of the plaster works, these men being paid so much per ton for their work with money furnished by the plaster works; that defendant in error was injured while wheeling a barrow loaded with some five or six hundred pounds of the rock from the vessel toward the dock, by falling with his barrow from the runway.

There is a conflict in the evidence as to whether the plaster works and Gorman co-operated in the construction and placing of the runways from the vessel to the dock, and whether Gorman was an independent contractor of the plaster works and in no way under the control of the plaster works in the unloading of the vessel and placing of the runways, and whether defendant in error was employed by Gorman or Bohling. We are of opinion, from a consideration of all the evidence in the light of the arguments, that these were all questions for the consideration of the jury, and that it can not be said that a finding by the jury that

the plaster works and Gorman co-operated in the construction or placing of the runways, that Gorman was not an independent contractor, and that defendant in error was employed by Gorman and not Bohling, would have been manifestly against the evidence, and therefore that the general verdict finding the defendants guilty, so far as regards these questions, can not be said to be manifestly against the evidence.

The first count of the amended declaration charges defendants jointly with failing to use due care in the construction and maintenance of the runway, calling it a passageway or gangway, and the second count charges them jointly with negligence in failing to properly inspect, ascertain and know the condition of said passageway or gangway, and in negligently permitting it to remain in an insecure and unsafe condition. We think the evidence justified the submission of the cause to the jury upon these joint charges of negligence as to both the defendants. It seems unnecessary, as it would unduly extend this opinion, to refer to the evidence in this regard in detail.

Upon the point as to whether the court should have directed a verdict for the defendants, it is argued that the defendant in error, as it is claimed the evidence shows, failed to exercise ordinary care for his own safety, and therefore for that reason he could not recover. Whether there was ordinary care exercised by defendant in error, was also, in our opinion, a question for the jury. It may be that he could have seen that the runway was not entirely safe, but he had the right to assume that the plaster works and Gorman had made it reasonably and ordinarily safe for the purpose for which it was constructed, and he was not obliged to make a careful and critical examination of the runway before using it, but had the right to rely upon the performance of the duty of defendant in that regard, to make the runway reasonably safe. Hines Lumber Co. v. Ligas, 172 Ill. 315; Offutt v. World's Col. Exp., 175 Ill. 472-9; Ross v. Shanley, 185 Ill. 390, and cases therein cited.

A witness, Joseph Schwartz, having testified on behalf of plaintiff that a Mr. Allen, who was superintendent of the

plaster works, sent witness to lift up the gangway after Lonergan had fallen and was injured, was asked this question: " What did he say to you ?" (" he" referring to Allen.) Over the objection and exception of defendants' counsel, the witness was allowed to answer the question, and answered it as follows :

" Joe, you and John go and repair that track so the Western Plaster Works won't have any more bother or trouble."

On cross-examination, the witness testified, with reference to this testimony, among other things, as follows :

" The time in the day when Mr. Allen told me to go and fix those planks is more than I can tell you. I don't recollect exactly the minute. I don't recollect just about how long. I don't know for sure whether it was ten or fifteen minutes or an hour or two hours after I saw Mr. Gorman put Mr. Lonergan in the buggy that I was told to go back and fit the planks. I don't know for sure now how long it was; I couldn't say."

At the close of this witness' testimony defendant's counsel moved to strike out this evidence, and the court struck it out except the following words: " You and John go and repair that track." We think the whole evidence of the witness on this subject should have been stricken out for the reason that it can not be said that the direction to the witness to repair the track was so close in point of time to the injury of the plaintiff as to be part of the *res gestae*, and was not admissible as tending to show negligence, because that " should be determined only by what occurred before and at the time of the accident, and evidence of repairs made after the accident is not admissible." Howe v. Hedaris, 183 Ill. 295, and cases there cited; Gormully, etc., Co. v. Olsen, 72 Ill. App. 32.

Among other instructions asked by the defendants was the following :

" And even though the jury shall believe from the evidence that the planks and horses used in forming the runways leading from the vessel to the dock belonged to the Western Plaster Works, but that neither the company nor Mr. Gorman had anything to do with the putting them up on the day the accident happened to the plaintiff, and that the

accident was caused by the runways being improperly put up, then the jury shall find both the defendants not guilty."

The court refused the instruction as asked, but modified, and gave it as modified, as follows:

"And even though the jury shall believe from the evidence that the planks and horses used in forming the runways leading from the vessel to the dock belonged to the Western Plaster Works, yet, if the jury further believe from the evidence that neither the company nor Mr. Gorman, either by themselves or their agents or employes, or any of them, had anything to do with putting them up on the day the accident happened to the plaintiff, or had knowledge thereof at and before the happening of the accident, and that the accident was caused by the runways being improperly put up, then the jury shall find both the defendants not guilty."

We think the instruction as asked should not have been given, for the reason that it was calculated to mislead the jury in omitting the question of liability of the plaster works and Gorman for the acts of their agents or employes with reference to improperly putting up the runways. The modified instruction was also, in our opinion, improper, in that it, in substance, tells the jury that the plaster works or Gorman would be liable for the improper putting up of the runways by their agents or employes if they "had knowledge thereof at and before the happening of the accident." This could not be so unless there was sufficient time after the knowledge acquired by the defendants to enable them, by the exercise of ordinary care, to have prevented the accident to the plaintiff.

For the errors indicated the judgment will be reversed and the cause remanded.