## City of Chicago v. Elenora F. Early.

1. EVIDENCE—*Of Condition of a Sidewalk Five Days After the Accident, Inadmissible.*—The question of negligence should be determined only by conditions existing before and at the time of the accident, and evidence of conditions five days afterward is not admissible.

2. ORDINARY CARE—*Direct Testimony Not Required.*—As to whether an injured person was at the time of the accident in the exercise of ordinary care is usually a matter of inference from the circumstances proven. Direct testimony as to such care is not required.

3. HYPOTHETICAL QUESTIONS—*It is Enough if There is Evidence Tend-*

*ing to Prove the Material Part of Facts Alluded to.*—In order to sustain a hypothetical question it is not necessary that the statement of facts should be supported by evidence without a conflict; it is enough if there is evidence tending to prove the material parts of the facts alluded to.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

This was an action on the case, brought in the Circuit Court of Cook County by appellee, Elenora F. Early, against the City of Chicago, appellant, to recover damages for injuries alleged to have been sustained by the plaintiff in falling upon and through a sidewalk in the city of Chicago. To the declaration a plea of the general issue was filed. The plaintiff was a woman forty-eight years of age and resided at the time of the accident at 2900 Dearborn street, in the city of Chicago. She was a widow and for the last three or four years prior to the accident maintained herself by dressmaking and sewing, which she did at home and at other places.

On the 2d day of May, 1900, at about nine o'clock in the morning, she left her home to go to Mrs. Carey's, 2405 Dearborn street, taking a State street car and alighting therefrom at the intersection of Twenty-fourth street and State street. She then turned into the alley running in the rear of 2405 Dearborn street and entered by the back way. She had been accustomed to go to this house to do sewing for nearly a year before the accident and had been there, last, about two weeks before this time.

After stopping at Mrs. Carey's for some thirty minutes she departed, going down the front steps to Dearborn street, as was usual with her. When she stepped from the stairway to the sidewalk she fell, her right leg going through the walk, and sustained the injuries complained of. She was picked up by two men and assisted into Mrs. Carey's house. Shortly after she was assisted to a car on State street and returned to her home, which was four or five blocks distant.

About noon a physician was called and found her right leg fractured just above the ankle. She was confined to the house until the latter part of July, 1900, and was at the trial using a crutch; according to the evidence she was permanently injured.

At the trial of the case the jury found the defendant guilty and assessed the plaintiff's damages at the sum of $5,000.

Andrew J. Ryan, city attorney, for appellant; Jesse E. Roberts, of counsel.

Benjamin F. Richolson, attorney for appellee; C. Stuart Beattie, of counsel.

Mr. Presiding Justice Waterman delivered the opinion of the court.

Upon the trial the defendant offered evidence as to the condition of the walk some days after the accident. This the court refused to admit. Appellant urges that this evidence should have been admitted as it tended to show the condition of the walk at the time of the accident. The Supreme Court of this state in Howe v. Medaris, 183 Ill. 288, say (p. 295):

"It is contended the trial court erred also in the admission of testimony to the effect that the machine was changed or repaired after the accident. The purpose of this evidence was doubtless to show an implied admission of negligence on the part of the defendants. The rule in such cases is that the question of negligence should be determined only by what occurred before and at the time of the accident and evidence of repair made after the accident is not admissible." See also, Alabaster Company v. Lonergan, 90 Ill. App. 353–357.

The reason why evidence as to the condition of the sidewalk some time after the accident should not have been received is apparent. It is a rule of evidence that conditions shown to exist at a certain time are presumed to continue. There is no rule of evidence that conditions shown to exist at a certain time are presumed to have been the

City of Chicago v. Early.

same at a previous time. The presumption of law existing as to the continuance of conditions is founded upon natural inferences. A, being shown to have been married on the first of January, is presumed to have been a married man on the fifth, but there is no presumption that A, being shown to have been a married man on the fifth of January was such on the first.

If the condition of a sidewalk, a few days after an accident, may be shown as tending to show in what condition it was at the time of the accident, it is apparent that a door is open for the perpetration of fraud. The sidewalk may be in the night time secretly repaired. Its condition, when in repair, being shown, the burden is thrown upon a party injured, because of its prior defective state, to show that repairs thereon were made after the accident. This it may be impossible for him to do. Persons injured by reason of defective sidewalks not infrequently live many miles away from the place where they were hurt, and have neither friends nor acquaintances in the neighborhood where they receive injury. Their condition frequently precludes the giving, for some time, attention or thought to that which may be done in respect to the place of the accident. The offered evidence was properly excluded. Appellant insists there was no direct evidence that the plaintiff was at the time of the accident exercising ordinary care, and that an instruction should not have been given at the instance of the plaintiff, presenting, among other things, for the consideration of the jury, the question whether the plaintiff was at the time of the accident in the exercise of ordinary care. As to whether an injured person was at the time of an accident in the exercise of ordinary care is usually a matter of inference from the circumstances proven. Direct testimony as to such care was not required. Chicago and Atlantic Railway Company v. Carey, 115 Ill. 115. We do not regard the fourth instruction given for the plaintiff as either erroneous or calculated to mislead the jury.

It is not the case, as is urged by appellant, that an instruction to a jury to find in a particular way if certain

facts are found, is erroneous when there is a conflict of evidence as to any material part of the hypothesized facts, while such instruction would be erroneous if there were no evidence in support of any material part of the facts alluded to in the hypothesis submitted to the jury. Such is the holding in Indiana & St. L. R. R. Co. v. Miller, 71 Ill. 463, and Alexander v. Town of Mt. Sterling, 71 Ill. 366. The evidence tended to show that the defective condition of the sidewalk was unknown to appellee; that she was proceeding in the ordinary and usual manner of persons descending a flight of steps leading from a dwelling house to a sidewalk, and that without negligence upon her part she was, by the condition of the walk, seriously and permanently injured, her leg being broken in such manner that it had not, up to the time of the trial, completely healed; and that she will be lame during her entire life.

We can not say that under the evidence the jury were not warranted in giving to her as damages the sum of $5,000.

The judgment of the Circuit Court is affirmed.