## City of Chicago v. John B, Vesey.

1. EVIDENCE—*Of Conditions of Defective Sidewalk Subsequent to Injury.*—Evidence of the condition of a sidewalk at a time subsequent to the injury complained of, is inadmissible.

2. SAME—*That Another Person Has Subsequently Been Injured by a Defective Sidewalk.*—Evidence of an accident happening subsequent to the injury to the plaintiff is inadmissible; it does not tend to show that prior to the accident to the plaintiff the city had notice that the sidewalk was in a defective condition.

3. SAME—*Photographs, When Admissible.*— Photographs may be received in evidence under certain circumstances to assist the jury in understanding the case, provided they are verified by proof as being true representations of the subject. Whether an offered photograph has been shown to be so correct a representation as that it should be admitted is addressed to the discretion of the trial court.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding.

Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 16, 1902. Rehearing denied January 6, 1903.

Appellee obtained a verdict and judgment for $6,000 in an action against the City of Chicago for injuries received by him while walking south on the east side of Stony Island avenue in the evening of February 2, 1897. In crossing Seventy-first street, Mr. Vesey stumbled over a rail of the Illinois Central Railroad and was injured. Stony Island avenue crosses Seventy-first street. At the point of crossing this avenue is 200 feet wide, and runs north and south; Seventy-first street extends east and west. The Illinois Central Railroad, with double tracks, occupies Seventy-first street at this crossing. On the west side of the avenue there was a good walk made of brick, across Seventy-first street from the north to the south edge of Seventy-first street, except between the north and south rails of the Illinois Central tracks, between which there was a good plank sidewalk, practically level with the rails of the track.

On the east side of Stony Island avenue, north of Seventy-first street, was a twelve-foot plank sidewalk to the north side of Seventy-first street, and from this walk two or three planks had been laid on the ground extending into Seventy-first street, toward the rails of the Illinois Central tracks. At the time of the accident the north ends of these planks, that is, the ends next to the sidewalk, were two or three inches below the plank sidewalk, and could barely be seen. The rest of the planks, that is, the portion extending south, where teams, going along Seventy-first street, close to the Illinois Central tracks, crossed the planks, were covered with sand and dirt, and lower than at the ends next to the plank sidewalk. The north ends of the ties of the Illinois Central were not covered and projected up above the ground several inches, and the rail on these ties, being about four inches high, made an obstruction to a person passing along on Stony Island avenue, across Seventy-first street, several inches high. Between the railroad tracks

were cinder paths. The nearest light at the time of the accident was the electric light, 200 feet across the street, of the Illinois Central platform. There was no other light, except a street light a block or more away. Mr. Vesey, stumbling over the north rail of the Illinois Central track, plunged forward and fell, striking his knee on the edge of the other rail.

ANDREW J. RYAN, city attorney, GEORGE GORMAN, assistant city attorney, attorneys for appellant; JAMES J. KELLY, of counsel.

CASTLE, WILLIAMS & SMITH, attorneys for appellee; BEN M. SMITH, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Upon the trial a witness, called by appellee, after testifying to the condition of the sidewalk at the time of the accident, was permitted by the court, over the objections of the defendant, to testify that about the middle of the month of March, after the accident to the plaintiff, in February, he, this witness, at the same place stumbled and fell. He was then asked as to the condition of the walk at the time that he fell, and, over objection of the defendant, was permitted to testify that it was in about the same condition that it was six or eight weeks prior to that, and also that there was not any change that he could see. Upon cross-examination the witness stated that he was going across and fell; that his toe caught under the north rail of the north line and threw him on his face; that this accident happened to him about dusk in the evening.

This court has at this term, in the case of City of Chicago v. Early, held that the condition of the sidewalk at a time subsequent to the injury complained of in that cause was properly excluded. In so doing, we followed the action of the Supreme Court in Howe v. Medaris, 183 Ill. 288–295, and of the Appellate Court in Alabaster Co. v. Lonergan, 90 Ill. App. 353.

In the 11th Am. and Eng. Ency. of Law, 483, it is said:

"By the weight of authority, evidence that another person had previously met with an accident as a result of the same defect is admissible, to show the length of time the way had been out of repair, as bearing upon the question of notice; and reasonable presumptions and inferences may be indulged in this as in other cases."

Evidence of an accident happening subsequent to the injury to the plaintiff did not tend to show that prior to the accident to the plaintiff, the city had notice that the sidewalk was in a defective condition.

Neither evidence—as to a subsequent accident nor as to the condition of the walk at a time six weeks subsequent to the accident to the plaintiff, should have been admitted.

A photograph of the place of the accident, taken by the daughter of the plaintiff, an amateur photographer, more than two years after the happening of the injury was, over the objection of the defendant, admitted in evidence.

The photographer testified: "I had never been across that place before the night of the injury."

"Q. From what point is that picture taken? A. It is taken from the walk.

Q. And the picture represents the north rail of the north track? A. Yes; and it was taken low down to the ground.

Q. Now, show on there where you took that picture. A. I was standing on the edge where the ground goes over the board.

Q. Did you go down to that place after the accident occurred—after the injury? A. I went down to the place the next morning on my way to the university.

Q. Did you look at the place then and notice it carefully? A. Yes, sir; I did.

Q. Was it in the same condition the next morning as it was when the picture was taken? A. Yes, sir; it was just exactly the same, as near as it could be.

A motion to strike this answer out was denied.

Q. Was it the same or not? A. As near as possible.

The Court: What do you mean by 'as near as possible?'

A. As near as I could remember it was exactly the same.

The Court: The objection to the photograph is overruled."

In Cleveland, C., C. & St. L. Ry. Co. v. Monaghan, 140 Ill. 474, the court say:

"There are authorities which hold that photographs may be received in evidence under certain circumstances to assist the jury in understanding the case, provided they are verified by proof as being true representations of the subject."

In that case the court refused to interfere with the action of the trial court in excluding an offered photograph. As is said by the Supreme Court of Connecticut in Cunningham v. Fair Haven Railway Company, in respect to an offered photograph:

"It is common knowledge that as to such matters, either through want of skill on the part of the artist, or inadequate instruments or materials, or through intentional and skillful manipulation, a photograph may be, not only inaccurate, but dangerously misleading."

From an examination of the photograph appended to the record in this case, it would seem that the rail of the track of the Illinois Central Railroad Company at Seventy-first street forms, or is upon, an embankment about three feet in height. This is contrary to the testimony of all the witnesses who described the place of the accident. Although the question as to whether an offered photograph has been shown to be so correct a representation as that it should be admitted is addressed to the discretion of a trial court, nevertheless, while the admission of this photograph does not constitute reversible error, we feel that, taken as it was, by an amateur, more than two years after the accident, and at variance with testimony given by each party, it is such that it ought not, under the circumstances, to have been admitted.

The judgment of the Superior Court is reversed and the cause remanded.