# SEPTEMBER TERM, 1913.

[No. 7311]

## In re Estate of Frances A. Hayes.

1. WILL CONTEST—*Dedimus—Sending Will out of State*—Where the signature of the testatrix to the will is denied the question whether the original shall be sent out of the state is in the discretion of the court.

What classes of witnesses are intended by Rev. Stat. § 7091; whether the section authorizes the transmission of the will to a place beyond the limit of the state; and whether the statute applies in a contest in the district court, not decided.

2. ' ——*Contest after probate—Burden of Proof*—The admission of a will to probate is a judicial act, and where the court has jurisdiction, like any other judgment, it is binding until reversed or vacated according to law. Therefore, in a contest, under the proviso to Rev. Stat. Sec. 7096, the burden of establishing the grounds of contest alleged, is upon the contestant.

3. ——*Evidence—As to Testamentary Capacity*—That the disposition made by a testatrix, of her property, is consistent with her situation, and in congruity with her affections and previous declarations, is of no small force as to testamentary capacity.

4. ——*As to Capacity and Undue Influence*—The fact that after the execution of the will the testatrix, in person and alone, carried it to a bank, and left it upon deposit with instructions as to what should be done with it, and that on a former occasion, when she was out of the presence of the principal beneficiaries, and at a long distance from their residence, she had made a will containing substantially the same bequests in their favor was held of special importance.

5. ——*The Wisdom, Justice, or Propriety of the Will*, is not for the courts—It is sufficient if the forms of the law are observed at a time when the testator is of sound and disposing mind and memory.

6. ——*Instructions*—Certain beneficiaries named in the will were shown to be intimate personal friends of the testatrix. The contestants were blood relatives. No error was discovered in an instruction that this intimate relation "does not place such beneficiaries in what is known as confidential or fiduciary relation."

7. ——*Construction of Instructions*—Every part of the charge is to be considered in connection with other instructions upon the same subject.

(340)

8. EVIDENCE—*Photographs—Must Be Shown to be Accurate and Truthful*—This rule is especially applicable where the genuineness of hand-writing is in question. The sufficiency of such preliminary proof is largely in the discretion of the court trying the issue. Where such testimony is conflicting the action of the trial court should not be disturbed.

*Appeal from San Juan District Court.*—Hon. CHARLES C. HOLBROOK, Judge.

Messrs. COOK & COOK and Mr. FRANK L. ROSS, for appellants and petitioners.

Messrs. SEARCY & WAY and Mr. BENJAMIN B. RUSSELL, for appellees and respondents.

Mr. JUSTICE HILL delivered the opinion of the court:

On or about July 30th, 1907, Frances A. Hayes, a resident of Silverton, Colorado, executed her last will. She departed this life at the same place about October 18th, same year. The will was admitted to probate in the county court of San Juan County, December 12th, 1907. Within the year thereafter the children of the deceased's half brother (probably her sole heirs at law) instituted proceedings of contest, alleging in substance, that the testatrix at the time of making the will was of unsound mind, also alleging undue influence, fraud and duress brought to bear by some of the beneficiaries of the will upon the testatrix; also, that it was not her will, etc. The verdict of the jury and judgment sustained the will. The above named heirs bring the case here for review.

The deceased had never been married and at the time of her death was approximately between seventy and eighty years of age. She had been a resident of Silverton for about fifteen years, was possessed of about $9,000 in money, some other personal property, and certain real estate situate in San Juan County.

By the terms of the will, after providing for debts, funeral expenses, etc., she bequeathed to Marie and

Emma Hollingsworth of Silverton, $1,400, share and share alike, also five lots with two houses thereon and contents (this included her household furniture); to Mr. and Mrs. Bach of Colorado Springs, $3,000, share and share alike; to Mrs. Allie Dudley of Durango, $500; to Mrs. Floris Weston of Silverton, $500; to Mrs. Alfred Mundee of Silverton, $500; to Anna Louise Chase of Denver, $1,400. These people had all been friends of the deceased, but were not related to her. There is evidence that the Hollingsworth girls were her closest friends. She devised and bequeathed to Katie Cribb, Robert Hayes, Eugene Hayes and Anna Hayes, children of her half brother William Hayes, the sum of $1 each. The last amounts were not to be diminished or prorated in the event that her estate should not pay all the legacies in full. Edward V. Hollingsworth, a brother of Marie and Emma, was made the residuary legatee; he was to have the balance of her property, if any, when all the bequests were paid. Provisions were made for the sale of any real estate necessary to pay the bequests, debts, if any, expenses of last sickness and funeral. Mr. Thomas Annear of Silverton was designated as executor; in case of his refusal then William H. Montgomery was so named. The will was signed at the court house in Silverton, and witnessed by Austin M. Reed, Postmaster, Ernest Hoffman, a hotel-keeper, and F. E. Larimore, a bookkeeper for a mining company.

Many assignments pertain to the admission and rejection of evidence, principally upon the cross-examination of different witnesses; but as they pertain principally to the order in which the testimony was admitted, and come within the discretion allowed the trial court, we will give them no discussion other than to say that we find no prejudicial error in this respect.

The trial court was exceedingly liberal in the admission of testimony and outside of the matters hereinafter

referred to, we find nothing pertaining to that phase of the case upon which any alleged prejudicial error can be sustained.

Prior to the trial the petitioners made application for permission to attach the original will to a *dedimus potestatem* to be sent to Indiana for the purpose of taking the deposition of two witnesses in that state, whom they desired to have examine it there, for the purpose of giving testimony pertaining to the signature of the deceased, or alleged initials upon the different pages, etc. The court refused this application. The petitioners assign this as error, basing their right to such privilege upon General Section 7091, Revised Statutes, 1908. Without deciding what class of witnesses was intended or whether it is meant to allow it to be transported beyond the limits of the state, or whether this section is limited to county court, as contended, if applicable to the district court and the will can be thus sent anywhere, as claimed, the section provides that the court may, in its discretion, direct the original of such will to be attached to any *dedimus,* etc., thus by legislative enactment making it discretionary with the trial court. It is claimed that this is not the will of the deceased; this involved the genuineness of the handwriting in the original instrument. Under such circumstances the trial court, in its discretion refused to allow it to be taken out of the state. We find no error in this respect. The discretion vested in the trial court was exercised.

The court refused to allow the depositions of John H. Rhue and William A. Hughes to be read in evidence. These gentlemen were bankers residing in Indiana where their depositions were taken, they pertained solely to their opinions concerning the alleged handwriting of the deceased based upon purported photographs of the will. Three reasons are urged by the appellees why this ruling was correct. It is claimed that the photographic copies

were shown not to be accurate, and were misleading for which reason opinions based solely thereon would be worthless. Second, because photographs of writing are only secondary evidence and it is not lawful to introduce the photographs when the original writing is in court and can be examined by the witnesses, were they in attendance for that purpose, as was done by other witnesses in this case. Third, that the alleged forgeries attempted to be shown were those of initials only entered upon each page of the will, which were no part thereof and hence the testimony immaterial.

It is conceded that a photograph will not be received in evidence until it is shown that it is a photograph of the thing in question and is a fair, accurate and truthful representation thereof.—*Mow v. People*, 31 Colo. 351, 72 Pac. 1069; *Baustian v. Young*, 152 Mo. 317, 53 S. W. 921, 75 Am. St. 462; *Cunningham, Admx. v. Fair Haven & Westville R. Co.*, 72 Conn. 244, 43 Atl. 1047; *People's Gas etc. Co. v. Amphlett*, 93 Ill. App. 194; *City of LaSalle v. Evans*, 111 Ill. App. 69; *C. & E. I. R. R. Co. v. Crose*, 113 Ill. App. 547; *State v. Hersom*, 90 Me. 273, 38 Atl. 160; *Martin v. Moore*, 99 Md. 41, 57 Atl. 671; *Leidlein v. Meyer*, 95 Mich. 586; 55 N. W. 367; *Smart v. Kansas City*, 91 Mo. App. 586.

This rule is especially applicable where the genuineness of handwriting is in question, otherwise if the photograph is inaccurate or taken in a way to make it misleading, the testimony would be of practically no value.— *Eborn v. Zimpelman*, 47 Tex. 503, 26 Am. Rep. 315; *First Nat'l Bank v. Wisdom's Executors*, 111 Ky. 135, 63 S. W. 461; *Grooms v. State*, 40 Tex. Cr. R. 319, 50 S. W. 370; *United States v. Ortiz*, 176 U. S. 422, 20 Sup. Ct. 466, 44 L. Ed. 529; *Marcy v. Barnes et al.*, 82 Mass. (16 Gray) 161, 77 Am. Dec. 405; *Howard v. Illinois Tr. & Sav. Bank*, 189 Ill. 568, 59 N. E. 1106; *Buzard & Hilliard v. McAnulty & Mostly*, 77 Tex. 438, 14 S. W. 138; *Geer v. Lumber &*

*Mining Co.,* 134 Mo. 85, 34 S. W. 1099, 56 Am. St. Rep. 489.

It is generally recognized that the question of the sufficiency of the preliminary proof to show that the photograph is a fair or accurate representation of the objects which it purports to portray is a matter largely within the discretion of the trial court.—*City of Chicago v. Vesey,* 105 Ill. App. 191; *Carey v. Hubbardston,* 172 Mass. 106, 51 N. E. 521; *Goldsboro v. Central R. R. Co.,* 60 N. J. Law, 49, 37 Atl. 433; *State v. Miller,* 43 Or. 325, 74 Pac. 658; *Beardslee v. Columbia Township,* 188 Pa. 496, 41 Atl. 617, 68 Am. St. Rep. 883.

In the case at bar the testimony is conflicting as to the accuracy of the photographs and from the manner taken whether they might not be misleading. For this reason alone (if they were otherwise admissible) the ruling of the trial court should not be disturbed. This makes unnecessary any consideration of the other reasons urged.

It is claimed that the court erred in refusing to instruct that the burden of proof is primarily upon the proponents of the will to show its execution in accordance with the requirements of the law; that the instrument is the free and voluntary act of the testatrix, and that the instrument offered by proponents is the same and identical instrument which the testatrix executed as her last will. *Snodgrass v. Smith,* 42 Colo. 60, 94 Pac. 312, 15 An. Cas. 548, is cited as supporting this position. The facts are not the same. There the contest arose at the time of the attempt to probate the will. In the case at bar the will was duly admitted to probate upon the proof submitted by the proponents after due notice, as required by general sections 7082 and 7083, Revised Statutes, 1908. It appears that the plaintiffs were nonresidents; that service upon them was by publication only, and that within the year they instituted this action to contest the validity of the will, as provided for by general section 7096, Revised Statutes, 1908. This question pertaining

to the burden of proof upon a contest after the will had been admitted to probate, has been a troublesome one in many jurisdictions. It is not possible to reconcile the decisions. As the question is one of first impression in this court we shall adopt the rule which, in our opinion, is consistent with the language of our will act of 1903. It appears that under the English practice there were two modes of proving a will of personal property; the common form, in which the will was propounded by the executor and proved *ex parte,* and the solemn form, in which the next kin of the testator were cited to witness the proceeding and in which the proof was taken in due form of law.

These different methods have generally been followed in the United States and applied to both real and personal property, but with considerable diversity in their technical features. In some states the proceeding in the probate court upon original application is entirely *ex parte;* in others, a notice and an opportunity for a contest are given with the right of appeal, etc. This last method corresponds in purpose and effect to the probate in solemn form of the English Ecclesiastical Courts, Vol. 16 Encyclopedia of Pleading and Practice, 993.

The provisions of our statutes seem to vary slightly from both of these ancient methods of procedure, but follow generally what has been designated "the solemn form." Section 7081, Revised Statutes, 1908, provides for the recording of a purported will upon presentation for probate. Section 7082, for an *ex parte* examination of the instrument, from which, and such other satisfactory evidence as may be produced, the court is to ascertain the place of residence of the heirs, legatees, etc., who are minors, etc., the guardians of such minors, etc., and thereupon a citation shall be issued to the widow, husband, legatees, devisees, heirs at law, etc., which is to be personally served upon all who can be thus served within the

state. Section 7083 provides for service by publication upon nonresidents, etc. Section 7088 states what facts are to be proven upon probate. Section 7090 provides all testimony shall be reduced to writing, subscribed by the witnesses, etc. Section 7095 provides for a contest in the original proceedings, etc. Section 7096 provides that in all actions wherein the execution or contents of any last will may be brought in question, *the record of the probate of such will or an exemplified copy of such record shall be conclusive proof of the execution and also of the legality and validity of the contents thereof, in so far as the same were determined at the probate, both as against the persons summoned and appearing at the probate thereof and as against all other persons,* provided that any heir at law, legatee or devisee or other person interested to prove or contest the said will, who was not summoned by actual service of process and who did not appear at the probate of such will, may, at any time within one year. after the admitting of such will to probate, appear in the county court of the county wherein such will was presented for probate and contest the validity of such will. It will be observed that this contest "which is the second one provided for" is allowed under certain conditions after the probate of the will, and it is in the section wherein preceding this proviso it is provided that the previous probate of the will shall be exclusive proof of its validity in all actions wherein its execution or contents is brought in question. By this language it was evidently intended that the previous order of the court admitting the will to probate should have some force even as against nonresident heirs not personally served; otherwise, the provision for publication against them would in part be an idle ceremony. The admission of a will to probate in a case where the court has jurisdiction is a judicial act and like other valid judgments cannot be collaterally impeached for any error or irregularity, but is binding until reversed

or set aside according to law, for that reason the burden must be upon the plaintiffs to show that the will is invalid by reason of the facts alleged. This interpretation of Section 7096, *supra,* is supported by the succeeding section, 7097, which provides, ''If, upon the probate of a later will or upon rehearing in the county court, or upon appeal or otherwise, it shall be judicially determined that any writing theretofore admitted to probate is not the last will of decedent, the probate of such writing shall forthwith be revoked.'' The plaintiffs recognized the force of this section in the prayers of their complaints wherein they prayed that the order admitting to probate said will be set aside, that the letters testamentary theretofore issued be revoked, etc. Aside from this, in a contest of a will which has theretofore been duly admitted to probate, where the statute does not provide otherwise, or is like our section 7096, silent upon the subject, the same rule governs with regard to issues framed by the pleadings as applies in actions generally, one of which is that the burden of proof is upon him who makes the allegation. In the case at bar it was conclusively shown by the plaintiffs' pleadings, as well as by the records of the county court, that the will had been admitted to probate in solemn form; that the court had jurisdiction and all the facts appear to show *prima facie* a valid will. The order of the court admitting the will to probate must have some force, for which reason the burden of proof was upon the contestants to establish the material facts alleged and the court was right in refusing to give the instructions offered. This position is in harmony with the provisions of our statutes and is supported by the great weight of authority in states having similar provision.—*Hunt v. Phillips,* 34 Wash. 362, 75 Pac. 970; *Higgins v. Nethery,* 30 Wash. 239, 70 Pac. 489; *Hutson et al. v. Hartley et al.,* 72 Ohio St. 262, 74 N. E. 197; *Runyan v. Price et al.,* 15 Ohio St. 1, 86 Am. Dec. 459; *Franklin v. Boone,* 39 Tex,

Civ. App. 597, 88 S. W. 262; *Estate of McKenna*, 143 Cal.
580, 77 Pac. 461; *In re Kilborn's Estate*, 162 Cal. 4, 120
Pac. 762; *Steinkuehler v. Wempner*, 169 Ind. 154, 81 N.
E. 482, 15 L. R. A. (N. S.) 673; *Teegarden et ux. v. Lewis,
Adm'r*, 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9; *Blough et al.
v. Parry et al.*, 144 Ind. 463, 40 N. E. 70, 43 N. E. 560;
*Turner et al. v. Cook*, 36 Ind. 129; *Moore v. Allen et al.*,
5 Ind. 521.

The above ruling also disposes of the appellants'
contention concerning the identity of the will.

Error is assigned to the giving of the following in-
struction:

"The court instructs the jury that the mere fact
that some of the beneficiaries under the will may have
been shown by the evidence to have stood in most intimate
friendly relations with the testatrix at the time of the
execution of the will does not place such beneficiaries in
what is known as a confidential or fiduciary relation with-
in the meaning of these instructions."

This instruction was evidently intended to cover the
two Hollingsworth girls and possibly Mr. and Mrs. Beach.
When applied to the evidence in this case and considerd
in connection with the other instructions given, we find
no objection to it.—*Snodgrass v. Smith*, 42 Colo. 60, 94
Pac. 312, 15 Ann. Cas. 548; *Richardson v. Bly*, 181 Mass.
97, 63 N. E. 3; *Estate of Brooks*, 54 Cal. 471; *Waters v.
Waters*, 222 Ill. 26, 78 N. E. 1, 113 Am. St. Rep. 359;
*Goodbar v. Lidikey*, 136 Ind. 1, 35 N. E. 691, 43 Am. St.
Rep. 296; *In re Hess' Will*, 48 Minn. 504, 51 N. W. 614,
31 Am. St. Rep. 665.

Instruction No. 2 complained of should be considered
in connection with the other instructions upon the same
subject.—*L. D. G. M. Co. v. A. G. M. Co.*, 30 Colo. 431, 71
Pac. 389; *Porter v. People*, 31 Colo. 508, 74 Pac. 879;
*Davis v. Shepherd*, 31 Colo. 141, 72 Pac. 57.

When so considered we find nothing improper in it. The part concerning the probate of the will is covered by our disposition of assignments pertaining to the burden of proof.

We find no error in the giving of Instruction No. 11.

Other objections urged have been considered. It is unnecessary to answer all in detail. From an examination of the entire record we are of opinion that no prejudicial error sufficient to justify a reversal was committed.

The motion for a directed verdict was properly overruled. The disposition of the property is itself consistent with the situation of the testatrix and in congruity with her affections and previous declarations, when the preponderance of evidence is considered. It is likewise such as might have naturally been expected from one so situated, this is itself rational and legal evidence of no small weight of testamentary capacity.—*In re Shapter's Estate,* 35 Colo. 578, 85 Pac. 688, 6 L. R. A. (N. S.) 575, 117 Am. St. 216.

The disposition of the property is such as would naturally be expected from a woman in the situation of the testatrix. She had lived in the country for many years, was unmarried. The contestants are children of a half brother (now deceased); it appears that she was separated from him when quite young and has always lived far away from the contestants, and it in no way appears that they, although her relatives and heirs, ever concerned themselves specially about her welfare or condition. On the other hand, some of those remembered in the will had shown her continuous kindness and attention, especially during her later years when sorely needed and others are of a class whose care and comfort would naturally appeal to the sympathy of any old lady who (as testified to by some) was desirous of devoting her property to the benefit of those who had been good to her.

Upon the question of mental capacity and undue influence, it is of special importance to note that in 1905, when at Colorado Springs and away from all beneficiaries, with the exception of Mr. and Mrs. Beach, she executed a will which was quite similar in the disposition of her property to her last one, and in which she made practically the same bequests to these contestants as in the one now under consideration. It is also shown that after the execution of this will she alone took it to a bank and left it there with instructions pertaining to its disposition after her death. Whether the will is a just, wise and proper disposition of her property is unnecessary to determine; that is a matter of opinion. The owner of property has the lawful right (except as prohibited by law) to, by will, dispose of it as he or she may choose, and whether it be reasonable or unreasonable, just or unjust, it is sufficient, if it be made according to the forms of law, by a testator or testatrix capable in law of making a will and of sound mind and memory at the time.

The great preponderance of the evidence being in favor of the validity of the will, and there not appearing to have been any error committed sufficient to justify a reversal, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.

Decided March 3, A. D., 1913. Rehearing denied Oct. 8, A. D. 1913.