No. 12,705.

Wold *v.* City of Boulder.
(9 P. [2d] 931)

Decided May 9, 1932.

Messrs. RINN & CONNELL, for plaintiff in error.

Mr. FRANK L. MOORHEAD, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter designated as there, or as Mrs. Wold, and the city, respectively.

Mrs. Wold was injured by falling on an icy sidewalk, and sued the city for damages. A jury returned a verdict against her and to review the judgment thereupon entered she brings error. Of the 19 assignments those urged in the briefs and requiring notice may be thus stated: (1) The verdict is against the weight of the evidence; (2) exhibits C, D and E were erroneously excluded; (3) certain testimony of the witness Jewett was erroneously admitted; (4) instruction No. 10 given by the court was error; (5) the court erroneously gave an additional instruction after the jurors had begun their deliberations.

1. That the evidence is conflicting is undisputed. As usual in such cases, it is not difficult to argue that the weight of it is against the verdict. But the jurors themselves are primarily the judges, and usually the best judges, of that matter. Their conclusion is reviewable, and was here reviewed, on motion, by the trial judge.

Both have determined the question against plaintiff. Such determination is final unless wrong beyond question. It is not so here. *Hallack v. Stockdale,* 14 Colo. 198, 200, 23 Pac. 340.

2. Exhibits C, D and E were photographs, presumably of the place where the accident occurred, offered by plaintiff. They were objected to because there was no evidence as to when they were taken. That they were taken by one of plaintiff's counsel was the only reason suggested for not showing their date. In sustaining the objection the court pointed out that they indicated an apparent unexplained change in conditions. Aside from such changes they merely showed what was already established by other evidence beyond question or the possibility of mistake. Hence their exclusion could not have been prejudicial. The preliminary proof essential to the admission of photographs rests largely in the discretion of the trial court. Its action will be reversed only in case of clear abuse. There was none such here. *In re Estate of Hayes,* 55 Colo. 340, 343, 135 Pac. 449.

3. One Jewett, a witness for defendant, testified, over objection, that he had never observed ice formed at the place and from the cause alleged. His observations were limited to a period three years prior to the accident. But the complaint charged that the condition "did exist after every heavy snowfall in Boulder for many years next prior to said time." Furthermore, the answer of Jewett was admitted by the court on the ground that counsel for plaintiff had theretofore elicited contrary statements from their own witnesses, which was true.

4. Instruction No. 10 reads: "A municipal corporation is not primarily liable for injuries suffered by a pedestrian upon one of its sidewalks because of a defect therein brought about by the action of a third party. Its liability is secondary and arises, if at all, only after it has had a reasonable length of time, after acquiring or being charged with knowledge of the defect, to remedy the same." The argument against this instruc-

tion is purely negative and no authority in point is cited to fortify it. Moreover, the instruction is taken almost verbatim from the court's en banc opinion, written by Mr. Justice Campbell, in the Willson case. *Denver v. Willson,* 81 Colo. 134, 140, 254 Pac. 153. This is the identical rule announced in *Denver v. Magivney,* 44 Colo. 157, 161, 96 Pac. 1002. If this be correct the evidence of certain witnesses concerning absence of complaints was clearly admissible and the objection thereto need not be further noticed.

5. After the jury had deliberated for some time it sent the following written question to the trial judge: "Must we base our decision as to negligence on the condition of ice formed by water dripping from the downspout and on that only or may a decision as to negligence be based on the general condition of the sidewalk north of the Elks' Club, disregarding evidence relating to the balcony and its downspout?" To this inquiry the court returned the following: "Supplemental Instruction. Answering your inquiry made in writing during your deliberation, you are further instructed: The only negligence alleged in this case against the defendant city, and upon which a verdict could be based, pertains to the maintenance of the water spout in the balcony and the condition of the sidewalk resulting from water from that spout in the balcony, whereby it is alleged that that portion of the sidewalk was covered with a rough and slippery accumulation of ice and snow." We think this supplemental instruction was clearly correct. The cause to which plaintiff's recovery was thus limited is the cause to which she three times limited herself in her own complaint. It was, moreover, three times denied in the answer. The limitation was also contained in a notice she served upon the city of Boulder advising it of her injuries. The specific cause of action was emphasized and so confined by her counsel in his opening statement to the jury, and was further emphasized by the answering statement of the defendant. We have repeatedly held

48

that litigants in this court may not depart from the theory upon which they have voluntarily proceeded below. But this question goes further. It is not merely one of theory. This was the only basis of recovery alleged by plaintiff in her complaint. That fact had already been called to the jury's attention in the court's statement of the issues in instruction No. 1, and submitted for their consideration in instruction No. 9.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.