## PORTER v. THE PEOPLE.

**1.  Practice in Criminal Cases—Evidence—Harmless Error.**

A ruling sustaining an objection to a question on cross-examination of a witness in a criminal prosecution is not reversible error unless it appears that defendant was prejudiced by the ruling.

**2.  Same—Detectives—Reward.**

In a prosecution for larceny of cattle where on cross-examination of a detective for a cattle association it was shown that the association had a standing offer of a reward of $100 for the arrest and conviction of any one for larceny of cattle, it was not reversible error to sustain an objection to the question, "What are you after, the conviction of defendant or the hundred dollars you spoke of?" even if a proper question, where other questions had been propounded and answered which were sufficient to enable the jury to determine whether or not the witness's testimony was in any degree prompted by a desire to secure the reward.

**3.  Practice in Criminal Cases — Evidence — Admissions — Conspiracy.**

Where several persons unite to commit a crime the acts and declarations of each in furtherance of their common design prior to the consummation of the crime, are admissible against all.

**4. Same.**

Where in a prosecution for larceny of cattle a conspiracy between defendant and another party to steal cattle from the range had been shown by the admissions of defendant to the witness, it was not error to permit the witness to testify to admissions made by the co-conspirator relative to the transaction, made when the defendant was not present but previous to the consummation of the crime.

**5. Evidence—Order of Proof—Discretion.**

The admission of testimony as rebuttal which should properly have been introduced in chief is not error of which the party against whom such testimony is admitted can complain unless it appears that the discretion of the trial court as to the order of proof was abused to his prejudice.

**6. Instructions—Considered as a Whole.**

Instructions must be considered as a whole, and although an instruction when considered alone is objectionable, if it is not subject to the objection when considered with other instructions it is not erroneous.

**7. Instructions—Recent Possession—Inference of Guilt.**

An instruction to the effect that if the jury believed from the evidence beyond a reasonable doubt that defendant was connected with others in a plan to steal certain property and that such property or any portion of it was found in the possession of any of those concerned in the plan to steal the same shortly after it was taken, the possession would, in law, be treated as the possession of all, and the inference of guilt arising from such possession would apply equally to all, was not subject to the objection that it told the jury that the inference of guilt arising from possession of recently stolen property was one of law. The instruction did not tell the jury that the inference to be drawn was one of law but only that in law the possession of one was the possession of all, and that whatever inference arose from such possession applied equally to all.

**8. Instructions—Credibility of Witnesses—Defendant—Interest.**

Where a defendant testified in his own behalf, and the court instructed the jury that the accused was a competent witness in his own behalf and that his credibility was a matter exclusively for them to determine and that in doing so they had a right to take into account his interest in the result of the case, the mere fact that he went a step further and called the attention of the jury to what that interest was, was not an indication that the jury should test the credibility of defendant by any different standard than that which should be applied to the testimony of other witnesses.

**9. Instructions—Evidence—Accomplices.**

In a prosecution for larceny of cattle, where a detective testified that in order to procure testimony against defendant and another he entered into an arrangement with them whereby he agreed to ship some of his own cattle with those they should steal in order to fill out a car, an instruction that such arrangement did not make witness an accomplice in the crime and therefore the jury might convict on his uncorroborated testimony, if they believed it, and thereby facts necessary to warrant a conviction were established beyond a reasonable doubt was not erroneous.

**10. Instructions—Evidence—Other Offenses.**

In a prosecution for larceny of cattle against a cattle inspector, where for the purpose of showing the part defendant had taken in stealing the cattle in connection with another, in pursuance of a concerted plan between them, evidence was introduced to prove that defendant had issued false certificates of inspection on other cattle stolen by the other party, it was not error to refuse an instruction requested, to the effect that evidence relating to other offenses was permissible only for the purpose of affecting the credibility of defendant as a witness and that he could not be convicted of any other crime than that for which he was being tried no matter how conclusive such testimony might be, as such instruction was inapplicable.

**11. Instructions—Requested—Refused.**

It is not error to refuse an instruction which is incorporated substantially in the instructions given.

## *Error to the District Court of Yuma County.*

Plaintiff in error, as defendant, was convicted of several larcenies of livestock. The informations charging the offenses were consolidated for trial. From a judgment sentencing him to a term in the penitentiary, he brings the case here for review on error. The errors assigned are the refusal of the court to permit a witness on behalf of the people to be asked a certain question on cross-examination; admission of improper testimony, and on the instructions given and refused. The data necessary to an understanding of the questions discussed and decided appear in the opinion.

Messrs. WELLS & CHILES, for plaintiff in error.

Mr. N. C. MILLER, attorney general, Mr. W. H. POUND and Mr. RALPH TALBOT, for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court.

A witness by the name of Grant had been instrumental in securing evidence connecting the defendant with the offenses for which he was tried. It appears that this witness had obtained evidence against one Toner, who had previously been convicted of the larceny of cattle. For services rendered in that prosecution the witness had been paid one hundred dollars by the local cattle growers' association. This association had a standing reward for the arrest and conviction of cattle thieves, and this reward appears to have been paid the witness after the conviction of Toner. It is claimed on behalf of the defendant that the witness had demanded of the association the sum of one hundred dollars for his testimony in the case at bar, and that the association had agreed to pay him this sum. After questions on cross-examination the purpose of which was to show what and by whom he had been paid in the Toner case, the witness was asked: "What are you after, the conviction of Porter or the hundred dollars you spoke of?" An objection to this question was sustained. Unless it appears that by sustaining an objection to a question on cross-examination the defendant in a criminal prosecution was prejudiced, such ruling will not constitute reversible error. The purpose of cross-examination is to test the truthfulness of the direct testimony of a witness by showing any facts which might affect his credibility, so that the jury may have some criterion by which to correctly estimate the weight to be given his testimony. To this end reasonable opportunity should be

afforded to cross-examine a witness on all proper subjects, but the extent to which such examination may be carried is subject to the control of the trial judge within reasonable limits.—*Powers v. People,* 17 Colo. 178; 8 Enc. Pl. & Pr. 112. The object of the question under consideration was to show the interest of the witness in the result of the prosecution, but even if proper, other questions were asked and answered on cross-examination which were sufficient to enable the jury to determine whether or not his testimony was in any degree prompted by a desire to secure the reward of the cattle growers' association.

The theory of the prosecution was, that defendant was implicated in the crimes for which Toner had already been convicted. The defendant was a deputy stock inspector, and it was claimed on the part of the people, that his part was to falsely inspect out the cattle stolen by Toner and driven in for shipment. There was testimony tending to establish this claim. Over the objection of defendant, the witness Grant was permitted to state what was said to him by Toner relative to the transaction for which the defendant was convicted, which conversation was had when the defendant was not present, but previous to the consummation of the crimes. Previous to stating the conversation with Toner, the witness had given in detail the arrangement between Toner and Porter as communicated to him by the latter, by which the theft of cattle from the range was to be accomplished. Consequently, the statements of Toner relative to these matters were admissible against the defendant. At the time of this conversation the witness did not know that the defendant was to do more than falsely inspect the cattle, but that is immaterial. Where several persons unite to commit a crime, the acts and declarations of

each in furtherance of their common design prior
to the consummation of the crime, are admissible
against all. If what Grant said in the conversation
between Toner and himself was not admissible, it is
plain that what he did say could not have affected the
case one way or the other on the merits.

Error is assigned on the reception of testimony
on the part of the people after the defense was closed.
The particular objection urged is that this testimony
was not rebuttal, but testimony-in-chief. It does not
appear that the defendant was prevented from meet-
ing this testimony, or in any manner prejudiced
thereby, except as it may have tended to establish his
guilt. The admission of evidence as rebuttal which
should properly have been introduced in chief is not
error of which the party against whom such evidence
is admitted can complain unless it appears that the
discretion of the trial court as to the order of proof
was abused to his prejudice.

By an instruction given it is contended by coun-
sel for defendant that the jury were limited in de-
termining the innocence or guilt of the accused to the
one question of the possession of the stolen property.
Instructions must be considered as a whole, and in
this particular case the judge, at the close of his in-
structions, particularly advised the jury that they
were not to consider the instructions separately or
apart from each other, but that they were to be read
and considered together. If, therefore, the instruc-
tion, standing alone, would be subject to the criticism
offered, it is not objectionable for the reasons as-
signed, when considered in connection with the other
instructions given.

The next instruction given by the court is chal-
lenged because it is said that thereby the jury were
advised, in substance, that an inference of guilt as a
matter of law might be drawn from the possession

of the stolen property. The instruction is not susceptible of that construction. The jury were advised that if they believed from the evidence, beyond a reasonable doubt, that the defendant was connected with others in a plan to steal the property, and that such property or any portion of it was found in the possession of the accused or any of those concerned in the plan to steal the same shortly after it was taken, then that such possession would, in law, be treated as the possession of all, and that the inference of guilt arising from such possession would apply equally to all, so that the court did not instruct to the effect that the inference of guilt arising from the possession of stolen property was to be inferred as a matter of law, but that such possession in the circumstances narrated would be considered in law as the possession of all.

The next instruction is also challenged for the reason that thereby the jury were instructed to the effect, without any qualification whatever, that an act on the part of defendant, such as issuing false certificates of inspection, would be sufficient to justify a verdict of guilty, and that by this instruction the court assumed that such certificates were issued by defendant as a matter of fact, or in furtherance of a common design to commit the larcenies for which he has been convicted. The court did not assume that any of the facts necessary to be established in order to warrant a conviction of the defendant were proven, but simply advised the jury to the effect, when the instruction is read as a whole, that if they believed from the testimony, beyond a reasonable doubt, that the defendant took any part in carrying out the common plan entered into between himself and others to commit the larcenies charged, that then the act of each in carrying out such plan was the act of all.

At the close of an instruction to the jury touch-

ing the weight and credibility which should be accorded the testimony of the defendant, it was stated, in substance, that such testimony should not be received blindly as true, but that the jury should determine for themselves whether it was true, and made in good faith, or only for the purpose of avoiding conviction. This part of the instruction is objected to because, it is claimed, that thereby the defendant was singled out and his testimony made a target for a distinct and specific method of measuring the truth or falsity of his testimony. Doubtless the better practice would be to confine an instruction on the question of the credibility of the defendant in a criminal prosecution where he testifies on behalf of himself to the usual rules by which the truth or falsity of testimony of other witnesses may be determined; but where, as in this instance, the jury were previously advised that the accused was a competent witness in his own behalf, that the credibility of his testimony was a matter exclusively for them to determine, and that in doing so they had a right to take into account his interest in the result of the case, the mere fact that the court went a step further and directly called the attention of the jury to what that interest was, was not an indication that they should test his credibility by any different standard than that which should be applied to the testimony of other witnesses.

Error is also assigned on two further instructions, the first of which defined an accomplice, and that a person was not an accomplice whose co-operation in the crime was not real, but merely assumed, and the second advised the jury that if they believed the witness Grant was employed as a detective by the cattle inspectors, and his action with the defendant and others was for the purpose of discovering crime, he was not an accomplice, and if the jury believed his

testimony sufficient to convict, that they should receive and act upon it the same as any other testimony. There is no legal objection offered to either of these instructions. Apparently, from the cross-examination of the witness, it was attempted to convey the idea that instead of his acting the part of a detective he was, in fact, a *particeps criminis,* and it was, therefore, not amiss for the court to advise the jury what would constitute an accomplice. Further than this, when it appeared that the witness had been co-operating with the defendant and others in the commission of the crimes charged, it was proper to call the attention of the jury to the difference between such co-operation when real and assumed, so they might understand that in the latter capacity, if they found such to be the fact, he was not to be regarded as an accomplice. Neither did the court make any statement in either of these instructions by which the jury would understand that it was intended, as claimed by counsel for defendant, to elevate the testimony of the witness Grant, because it is apparent when they are read together, in connection with the entire charge, that the sole purpose of the court was to define an accomplice, and when one was or was not an accomplice, and that the mere fact that the witness had entered into an arrangement with the accused and Toner the purpose of which was to secure testimony which might convict them of the crime of larceny, would not render him an accomplice, and therefore his testimony would, if the jury believed it, be sufficient to convict, although uncorroborated, if thereby the facts necessary to warrant a conviction were established beyond a reasonable doubt. In the circumstances of this case, these instructions do not violate the law as declared in *Connor v. The People,* 18 Colo. 373. Grant did not instigate either Toner or the defendant to commit the crimes for which they

have been convicted. He knew, so he says, that they were engaged in stealing cattle, and the arrangement between them apparently was, that in order to fill out a car, he would ship some of his own cattle with those they might steal. The defendant did not claim at the trial that he was entrapped or induced by Grant to commit the larceny. His defense was a straight denial of the commission of the crimes of which the jury found him guilty. Grant did not approach him, but on the contrary, so far as disclosed by the record, he spoke to him first, and said he would inspect the cattle out all right if there was anything in it for him. The facts in the Connor case which prompted the criticism of the action of the detectives who were witnesses in that cause, are entirely different from those in the case at bar. Grant was not in the employ of the owners of the stolen cattle; they knew nothing of the arrangement between Toner, the defendant, and himself; neither was he an officer of the law.

Two instructions requested on the part of the defendant were refused, and errors assigned on such refusal. The first was to the effect that evidence relating to other offenses was permissible only for the purpose of affecting the credibility of the defendant as a witness, and that the jury could not convict him of any other crime than that for which he was being tried, no matter how conclusive or convincing such testimony might be, and the second, that if the jury believed from the evidence that the witness Grant was a hired witness, and testified merely for the sake of receiving pay therefor, that they were at liberty to disregard his entire testimony, except wherein it might have been corroborated by other credible witnesses. The court correctly refused each of these instructions. As to the first, it is clearly inapplicable, because the purpose of introducing testimony on the part of the prosecution to prove that the accused had

issued false certificates of inspection on the cattle stolen was not to affect his credibility, or to show that he had committed another crime of the same character as that for which he was being tried, but, on the contrary, its only purpose was to show the part he had taken in stealing the cattle in connection with Toner, in pursuance of a concerted plan between them. As to the next instruction the court had instructed the jury that the credibility of the witnesses was a question exclusively for them to determine, and that in so doing they had a right to take into consideration their interest in the result of the case, and to give credit accordingly. This fully covered the purpose of the instruction refused. It is not error to refuse an instruction which is incorporated substantially in those given.

The judgment of the district court will stand affirmed.                                        *Affirmed.*