[No. 4626.]

PECKHAM v. THE PEOPLE.

1. **Constitutional Law—Admissions of Counsel—Motion to Quash.**

In a criminal prosecution where defendant moved to quash the information, on the ground that the statute on which it was based was void because not adopted as required by the constitution, and set forth in the motion the facts which, it was claimed, rendered the statute invalid, the fact that the prosecuting attorney neither demurred to nor answered the motion

was not an admission of the truth of the facts alleged in the motion upon which the court could act in holding the statute unconstitutional.

**2. Constitutional Law—Legislative Journals—Evidence.**

The courts of this state will not examine the legislative journals to determine whether or not a statute was adopted in accordance with the provisions of the constitution upon a mere allegation that such statute is unconstitutional.

**3. Same—Admissions of Counsel.**

It is not within the power of counsel to enter into a stipulation the effect of which would be to render a statute void, nor will a statute be held to be invalid because counsel fail to deny the facts alleged concerning the entries in the legislative journals as to the passage of the act, even though the allegations, if true, would compel the court to declare the act unconstitutional. The court will not consider admissions of parties or their counsel that a law has not been passed in accordance with the constitution, nor admissions of facts as to the contents of legislative journals for the purpose of inquiring into the validity of a statute.

**4. Same—Practice.**

If a party desires the ruling of the trial court upon the constitutionality of a statute because of an alleged failure to comply with the constitution in its passage, he must in some way present the facts upon which he relies to the trial court, and if he seeks to have the ruling of the trial court reversed by the appellate court, the proof offered in the trial court must be made part of the record by bill of exceptions.

**5. Practice in Criminal Cases—Rape—Age of Defendant—Instructions.**

In a prosecution for rape it is not essential that the prosecution either allege or prove that defendant was over the age of fourteen years, and it was not error to refuse an instruction requiring such proof.

**6. Same—Evidence—Birth of Child.**

In a prosecution for rape on a female under the age of eighteen years, where the evidence showed that the prosecuting witness had given birth to a child, it was not error to refuse to instruct the jury that they could not consider such evidence in determining whether the defendant had committed the offense.

**7. Rape—Instructions—Evidence—Corroboration.**

In a prosecution for rape it was not error to refuse to instruct the jury that a conviction could not be had upon the

uncorroborated testimony of the prosecutrix and that evidence of opportunity would not corroborate the principal fact. Neither was it error to refuse to instruct the jury to acquit the defendant unless they found beyond a reasonable doubt that the prosecutrix was corroborated as to the alleged acts of intercourse.

**8. Rape—Evidence.**

Evidence held sufficient to sustain a conviction for rape upon a female under the age of consent.

*Error to the District Court of Morgan County.*

Mr. H. E. Churchill and Mr. L. C. Stephenson, for plaintiff in error.

Mr. N. C. Miller, attorney general, and Mr. H. J. Hersey, assistant attorney general, for the people.

Mr. Justice Steele delivered the opinion of the court.

The information charges the defendant with the crime of rape upon one Anna Nelson, ''a female person under the age of eighteen years.'' The defendant moved to quash the information upon the ground that the statute commonly known as the Age of Consent law is unconstitutional and void, and in his motion sets forth facts which he claims render the law unconstitutional. The district attorney did not answer the motion nor file demurrer thereto. The court, after argument, overruled the motion. The jury found the defendant guilty as charged in the information, and the defendant asks that the judgment of conviction be reversed: First, because the court erred in overruling the motion to quash; second, because the court erred in giving and refusing certain instructions. The specific objections to the instructions will be considered in the opinion.

It is contended by the defendant that the effect of the failure of the district attorney to answer or demur to the motion to quash was an admission that

the facts set forth in the motion were true; and it is further contended that the courts take judicial notice of the contents of the original journals and that when a law is attacked as being unconstitutional the court should determine from an inspection of the journals whether the constitution has been observed by the legislature in the passage of the statute. Authorities are cited by counsel which appear to hold that courts will take judicial notice of the contents of the legislative journals and that it is the duty of the court, when a statute is claimed to be unconstitutional for reasons appearing in the journals, to examine them and determine the question, but the authorities cited are not from this state. The question has been settled here, and decided contrary to the contention of counsel. In the case *Marean v. Stanley*, 21 Colo. 43, it was said: "While courts take judicial notice whether a statute is or is not valid, when the same is in dispute, yet they will not, on the mere assertion of counsel that a statute is invalid because of non-compliance with some constitutional requirement in its passage, examine the journals of the respective houses to ascertain how that fact may be; and, although it is not necessary to plead the unconstitutionality of a statute, the party seeking to question its validity must in some way present the facts upon which he relies to the trial court; and if he desires to have the decision of that court reviewed, he must, by bill of exceptions, make such proof a part of the record, and cannot, in the first instance and without its being properly in the record, have the question considered in the appellate court."

It is not within the power of counsel to enter into a stipulation the effect of which will render a law void, nor will a law be held to be invalid because counsel have failed to deny the facts alleged concerning the entries in the legislative journals, even if the

allegation if true would compel the court to declare the act unconstitutional; and the court will not consider admissions of a party that a law has not been passed in accordance with the constitution, nor an admission of facts as to the contents of the legislative journals, for the purpose of inquiring into the validity of a statute found in the office of the secretary of state or published under his authority, and the only way that an alleged non-compliance with the constitution in the passage of an act can be determined by the trial court is that pointed out in the case cited, and when the decision is sought to be reversed, the proof offered before the trial court must be made a part of the record by bill of exceptions. No proof was made before the trial court of the facts alleged in the motion to quash, and we shall therefore not inspect the legislative journals for the purpose of ascertaining whether the constitution has been complied with in the passage of the act in question.

The defendant requested the court to instruct the jury that unless the evidence on behalf of the state established the fact that the defendant was at the time the offense was alleged to have been committed a male person over the age of fourteen years, he must be acquitted, but the court refused the request and instructed the jury in substance that the state need not prove that the defendant was over the age of fourteen years, and that in the absence of proof to the contrary, the defendant was presumed to be over the age of fourteen years. The giving of this instruction and the refusal to give the instruction offered by the defendant is assigned as error.

The court did not err. It was not necessary to have alleged in the information that the defendant was over the age of fourteen years. "The incapacity of a party, by reason of his tender years, to commit

the crime charged upon him may be a good defense on the trial, as it may negative effectually the charge, but this capacity is not required to be stated in the indictment, and its omission furnishes no ground for arresting the judgment, after a verdict against the accused."—*Com. v. Scannell*, 11 Cush. 547; *People v. Ah Yek*, 29 Cal. 575; *State v. Knighten*, 39 Ore. 63; *Mitchell v. People*, 24 Colo. 532.

The fact that the prosecuting witness had given birth to a child was shown without objection from the defendant. The defendant offered an instruction to the effect that the fact that the prosecuting witness had given birth to a child was not evidence which the jury could consider in determining whether the defendant had committed the offense. The court refused the instruction, and the refusal of the court to so instruct the jury is alleged to be error. We think that no error was committed in refusing this instruction; the jury could not have been misled by the failure to so instruct, and the defendant in no event is entitled to have argumentative instructions given.

The other assignments of error discussed relate to the refusal of the court to give instructions number 12 and 13. Number 12 is, in substance, that the law will not tolerate a conviction in this character of cases upon the uncorroborated testimony of the prosecutrix, and that evidence of opportunity will not corroborate the principal fact. Instruction No. 13 states that conviction is seldom allowed upon the uncorroborated testimony of the prosecutrix, and the jury is instructed that unless it finds beyond a reasonable doubt that the statements of the prosecutrix are corroborated as to the alleged acts of intercourse, that the defendant should be acquitted. In the case of *Fager v. State*, 22 Neb. 332, it is held that in a prosecution for rape

it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. The court said: "It is insisted by plaintiff in error that there is no proof of rape, or even of contact, except that of the prosecutrix. While this is true, yet in the sense in which corroborating circumstances may aid the prosecution, it is not true. We do not understand the rule in such cases to require corroborating testimony to the particular fact of the rape. If such were required, convictions could seldom be had even in the most flagrant cases. Men engaged in the commission of offenses of this kind seldom call in witnesses to the fact or attack women who are not alone and within their power."

And in *Bueno v. People,* 1 Colo. App. 232, the court said: "We do not wish to be understood as declaring that no conviction for the crime of rape can be sustained where it rests upon the evidence of the prosecutrix alone, and uncorroborated, but that such cases should be rare indeed. No general rule can be laid down. Each case must depend upon its own merits and surrounding circumstances, and, to a great extent, upon the character of the prosecuting witness."

Upon the authority of the foregoing, the court correctly refused the instructions offered. There was testimony corroborating the prosecuting witness in many particulars. A witness testified that the defendant on many occasions entered the room of the prosecuting witness in the evening. On one occasion when she was in bed he endeavored to uncover her. Another witness testified that on more than one occasion he had seen the defendant embrace the girl. Another witness said she heard the defendant's voice in the girl's bedroom very early in the morning. The

defendant is a married man, and the foregoing facts, in connection with the positive statements of the prosecutrix, fully warranted the verdict, and we shall not disturb it.                          *Affirmed.*