[No. 8210.]

## DICKENS v. THE PEOPLE.

1. CRIMINAL LAW—*Assault With Intent to Rape—Evidence.* Neither exposure of the person of the female assaulted, expression of the desire of sexual intercourse, outcry of the female, nor corroboration of her testimony, is essential to a conviction. (145, 146.)

2. —— *Complaint of Prosecutrix,* is merely a circumstance to be considered by the jury in weighing her testimony. Timely complaint tends to corroborate her testimony, while her silence has the opposite effect. (144.)

The rule that the details of the complaint made by the prosecutrix are not admissible has no application, where the complaint was involuntary, being made to the District Attorney, at the instance of the Humane Officer. (143.)

3. ——— *Error—Harmless Error.* A conviction upon sufficient competent evidence will not be reversed for the improper admission of testimony which could not have been prejudicial to the accused. (146.)

4. INSTRUCTION—*Construed.* Prosecution for an assault with intent to commit rape upon a female under the age of 18 years. The jury were charged that if they believed from the evidence, beyond a reasonable doubt, that the accused committed an assault upon a female under the age of 18 years, "to-wit, of the age of 15 years," etc., they should find a verdict of guilty. The words quoted were held mere surplusage and not misleading. (145.)

*Error to El Paso District Court.* Hon. NEIL F. GRAHAM, Judge.

Mr. JAMES A. ORR, Mr. W. D. LOMBARD, for plaintiff in error.

Hon. FRED FARRAR, attorney general, Mr. WENDELL STEPHENS, assistant attorney general, for The People.

BAILEY, J., delivered the opinion of the court.

Upon complaint by W. S. Reynolds, a humane officer of El Paso County, plaintiff in error, Samuel B. Dickens, was charged by information in the District Court with assault with intent to rape one Fannie E. Bishop, tried, found guilty, and sentenced to a term of not less than one nor more than two years in the state penitentiary. He brings the case here for review.

It appears that Dickens, a man about sixty years old, employed Fannie Bishop, then fifteen years of age, though to aid in securing employment as a clerk in his store she had falsely represented that she was nineteen years old; that he lavished attentions upon her for several· months following, buying her entertainment, presents, meals and clothing, and displayed extreme jealousy when she received attention from other men; that he made improper advances to her on several occasions prior to the time of the commission of the offense of which he was convicted; that he repeatedly told her that other girls formerly in his employ had occupied to him the relation of common-law wife, and urged her to

do likewise; that sometime in June, 1913, he invited her to sit down beside him on a bed in the back part of his store, and upon her refusal to comply, seized her and forcibly placed her upon it, assuring her that resistance was useless, as she could not get up until he permitted her to do so, whereupon she fainted and upon recovering found his hand under her dress, and upon her legs, which occurrence is the basis of the charge in this action. The defendant did not testify. Fannie Bishop never complained of the commission of the alleged offense. She quit the employ of the defendant after the incident related, and upon being pressed for a reason therefor, reluctantly disclosed the happening to the District Attorney, having been brought to his office for that purpose by the humane officer.

The first contention in support of the claim for a reversal is that details of the complaint by the victim were improperly admitted in evidence. Counsel seek to invoke the rule that the particulars of the complaint or statement of the victim relating to the offense are not admissible in evidence, in the first instance, and cannot be testified to by either herself, or the persons to whom complaint was made, the prosecution being then limited to showing the bare fact that complaint was made. It is agreed in the present case that the victim made no complaint, that is, did not voluntarily communicate her grievance to a third person, and therefore the rule stated has no application. Indeed, the argument of counsel upon this point is inconsistent with itself, in that it is urged that there was no complaint made, and yet that there was error in admitting testimony of the details thereof. Furthermore, no objection was interposed in the lower court to the testimony as calling for details of the complaint, and this allegation of error might well be disposed of contrary to the contention of defendant on that ground alone, if it were necessary to thus confine it. *Donaldson v. People*, 33 Colo. 333, 80 Pac. 906.

It is further urged that the making of complaint by

the victim, and proof thereof, is an essential prerequisite to a conviction for the offense charged. Such is not the law. The purpose for which evidence that complaint was made by the victim of the alleged offense is admissible is merely to corroborate or confirm her testimony by showing consistent conduct on her part. 23 Am. & Eng. Ency. Law, 2nd ed., pp. 873-877. Prompt complaint, delay in making or failure to make at all are matters which simply tend to strengthen or weaken, as the case may be, the probative force of the testimony offered to the main fact, and in certain cases bear more particularly upon the question of consent. The making of a complaint is simply evidence to indicate non-consent. 33 Cyc. 1468, 1469. Failure to make complaint could not possibly defeat a prosecution. It was said, in *Donaldson v. People, supra*:

"So, if the person assaulted makes no outcry, nor, within a reasonable time, makes complaint of the injury, these facts may be considered by the jury as circumstances throwing light upon her evidence; the theory of the law being that timely complaint tends to corroborate the prosecutrix, while silence tends to discredit her story."

The proposition, therefore, that the making of a complaint is an essential prerequisite to the maintenance of the action is untenable.

It is contended that the court omitted to define the crime of assault with intent to rape, with which defendant was charged. One instruction defined assault, another defined rape, another covered intent, another contained the substance of the charge as laid in the information, and by another the jury were told that no one instruction contained all the law, but all were to be taken and considered together as a whole. The defendant requested no instruction defining the offense charged against him. The instructions gave the jury a clear statement of the case and a complete definition of the crime with which the defendant stood charged and of which he was convicted.

The further contention that the court refused to submit to the jury the question of the age of the female is refuted by an examination of the very instruction against which it is directed. The jury were told that if they find and believe from the evidence, beyond a reasonable doubt, that the defendant, etc., "did then and there wilfully, unlawfully and feloniously commit an assault upon one Fannie Bishop, a female person under the age of eighteen years, to-wit; of the age of fifteen years, with intent then and there to rape, ravish and carnally know her, the said Fannie Bishop, then and in that event you should find the defendant guilty as charged in the information; otherwise you should acquit him." The words in this instruction "to wit: of the age of fifteen years" are mere surplusage, wholly immaterial, and in no event can their presence in the instruction be said to be prejudicial or misleading. The instruction fairly submitted the question to the jury as to whether the victim was under eighteen years of age and specifically required a finding from the evidence beyond a reasonable doubt that she was, before a verdict of guilty could be returned.

When the state concluded its case the defendant moved for a directed verdict of not guilty, because there was shown no overt act on the part of the defendant, **no exposure of** defendant's person, no spoken request by him indicating a desire for sexual intercourse, no outcry or exclamations on the part of the victim, and no corroboration of her testimony. We are of opinion that proof of neither exposure of defendant's person, spoken request indicating a desire for sexual intercourse nor outcry or exclamation were essential to a conviction. But if spoken request were necessary to be shown in order to indicate the desire and purpose of the defendant, what could be more suggestive and convincing to this end than his statement to his intended victim, related in her testimony as follows:

"There is no use of your kicking and squirming here;

you will have to stay here until I let you up. Laura.never did any kicking and squirming.

Yes, sir; he told me he would like to take care of me the same as he had done for Laura Fitzpatrick, expecting me to do the same as she had done. He said that Laura Fitzpatrick was his common-law wife, and he expected me to be the same."

Moreover, the evidence abundantly establishes an overt act by defendant constituting an assault from which the intent to commit rape was directly inferable.

Corroboration of the victim's testimony was not essential to support a conviction. *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248; *Peckham v. People,* 32 Colo. 142, 75 Pac. 422. It was said in the former case that in determining whether such a rule is applicable the peculiar circumstances of each case must govern. The defendant did not testify; and there is no other testimony on his behalf which tends to disprove his actions and conduct as disclosed by the evidence, or to justify the same, or to discredit the testimony of the victim in the slightest degree. The testimony adduced was abundantly sufficient to warrant a conviction. The motion was properly overruled.

It is further strenuously urged that the introduction of the testimony of Reynolds, a humane officer, and the witness Pollock, was incompetent because hearsay. Reynolds repeated certain statements made to him by Fannie Bishop relating exclusively to her reasons for not returning to her employment with Dickens. Not a syllable of this testimony referred to anything which Dickens said or did respecting the offense charged. It goes entirely to independent and outside matters, does not bear in the slightest degree upon facts connected with or relating to the commission of the offense and could not have been prejudicial. While the testimony was undoubtedly incompetent, still it clearly appearing that the defendant was not and could not have been prejudiced by its introduction, a reversal of the judgment

may not properly be predicated thereon. Pollock testified that any statements made by the prosecuting witness were reluctantly made, which was the full extent of his testimony, and plainly no prejudicial error could be based upon its admission.

Other assignments urged are not of sufficient importance to merit consideration. Perceiving no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

GABBERT, C. J., and WHITE, J., concur.

Decided July 6, A. D. 1915. Rehearing denied November 1, A. D. 1915.