## No. 11,029.

### MAGWIRE v. THE PEOPLE.

Decided April 6, 1925.

Plaintiff in error was convicted of rape.

*Reversed.*

1. CRIMINAL LAW—*Rape—Evidence.* Even though the testimony of the prosecutrix in a prosecution for common law rape is unsatisfactory, a verdict of guilty will not be set aside as unsupported by the evidence.

2. *Rape—Resistance.* To support the charge of common law rape, the resistance required is only such as age, mental and physical condition, and surrounding facts and circumstances demand, to make opposition reasonably manifest.

3. INSTRUCTIONS—*Contradictory.* No instruction contradictory in itself is good.

4. CRIMINAL LAW—*Rape—Instructions.* In a prosecution for common law rape, an instruction that the law only requires that the case be one in which the woman did not consent, is erroneous and fatal.

5. *Rape—Resistance.* In the case of a common law rape, the

resistance of the prosecutrix must not be a mere pretense, but must be in good faith.

6.      *Rape—Resistance—Jury Question.* In a prosecution for common law rape, the question of resistance is one of fact for the jury.

*Error to the District Court of Cheyenne County, Hon. Wilbur M. Alter, Judge.*

Mr. THOMAS WARD, JR., for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. HAROLD CLARK THOMPSON, Assistant, Mr. W. L. BOATRIGHT, Attorney General, Mr. JEAN BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, prosecutes this writ to review a judgment sentencing him to the penitentiary for a period of seven to nine years on a verdict of guilty of rape.

But four alleged errors need be considered: (1) The insufficiency of the evidence; (2) The refusal to give defendant's instruction No. 5; (3) The refusal to give defendant's instruction No. 6; (4) The giving of instruction No. 8½.

1.   The information charged a common law rape. The evidence, as disclosed by the record, is far from satisfactory. Defendant was twenty-three years old and prosecutrix twenty-two. They had been acquainted for some thirteen years, had gone to school together and their families were friendly. The time of the alleged rape was between 1 and 2 a. m. July 5, 1923, and the place in the courthouse yard in Cheyenne Wells, within forty feet of a public street, near a residence occupied by four people, and within calling distance of the home of prosecutrix, then

occupied by her mother, and in which lights were burning and a window was up. While the crime was being perpetrated two automobiles passed the street. One of these carried two brothers of the victim and was seen and recognized by her. She says defendant employed force and that she resisted and repeatedly cried for help. No one heard such cries or saw the couple in the courthouse yard. Prosecutrix was normal in every way and does not claim to have been put in fear. Defendant seems to have had no physical advantage of her save such as is suggested by sex and age. His right hand was at the time injured and bandaged. There was a notable and unexplained absence of such evidence on body and clothing as usually tells the story of such an encounter. The intercourse was admitted by defendant and alleged by him to have been by consent. The positive evidence of the commission of the crime charged, the violence used by defendant and the vigorous resistance of his victim, all detailed by her and contradicted by defendant and by the significant facts above set forth, and many others, may well be disposed of in the singularly applicable language of Mr. Justice Wood:

"But, however unsatisfactory, under the rule which has so long been adhered to by this court, we cannot set aside the verdict. (Because unsupported.) For to do so would devolve upon us the duty of passing upon the credibility of the witnesses and determining the weight of the evidence. That was peculiarly the province of the jury, and, as the learned circuit judge, who saw and heard the prosecutrix and all the other witnesses testify, refused to set aside the verdict, we will not disturb it, because as improbable as it may be, * * * it was still a question for the jury, and not for this court, to say whether her testimony was true." *Maxey v. State,* 66 Ark. 523, 525, 52 S. W. 2, 6.

2. Defendant's requested instruction No. 5 reads: "The court instructs the jury, that the woman must resist to the point of being overpowered by actual force, or of inability from loss of strength longer to resist. She must

resist in every manner which appears feasible, by striking, biting or kicking; by resort to any weapon which may be available; and must continue her struggles until exhausted or overpowered."

This is the old rule of "resistance to the uttermost," repudiated by the more modern and enlightened authorities which require only such resistance as age, mental and physical condition, and surrounding facts and circumstances, demand to make opposition reasonably manifest. 33 Cyc. 1506. Indeed such facts and circumstances may obviate the necessity of proof of physical resistance, as where they show fear making it impossible, or conditions making it useless. *State v. Long,* 72 Conn. 39, 43 Atl. 493. The instruction was properly refused.

3. Defendant's instruction No. 6 states, in substance, the caution of Lord Hale. Its refusal was not error. "No case has ever been reversed, to our knowledge, because of failure to give such cautionary instructions." *State v. Trusty,* 122 Ia. 82, 87, 97 N. W. 989, 991.

4. Instruction No. 8½ given by the court reads: "The court instructs the jury, that it is not the law of this state, that a woman assaulted with intent to commit rape upon her, is required to resist by all violent means within her power. The law only requires that the case be one in which the woman did not consent. Her resistance must not be mere pretense, but must be in good faith. The law does not require that the woman shall do more than her age, strength and all attendant circumstances make it reasonable for her to do in order to manifest her opposition. The question of resistance is a question of fact for you to determine and find, and not a question this court can decide."

This instruction is taken verbatim from *Rahke v. State,* 168 Ind. 615; 81 N. E. 584, where it was approved. We have been unable to find that portion of it hereinafter pointed out as objectionable considered in any other case or approved as an instruction in any text book. Even in the Rahke Case it must be observed that the judgment had

already been reversed for fatal error in two preceding instructions which, assuming to state all the essential elements of the offense, had failed to charge that the proof must establish an assault with intent to commit rape on the prosecutrix "forcibly and against her will." Furthermore, the court there only held the instruction good as against the objection that under it the jury had a right to conclude that if the prosecuting witness "did not consent expressly in words, this alone would warrant a conviction." We cannot approve this instruction under the particular circumstances of the instant case. No instruction contradictory in itself is good. This one is made up of five distinct propositions which can best be examined by separating them.

(a) "It is not the law of this state, that a woman assaulted with intent to commit rape upon her, is required to resist by all violent means within her power." This would have been a much more accurate statement if the word "always" had preceded the word "required." Whether a woman so assaulted is required to so resist depends upon the elements hereinafter mentioned under (d), and the existence of those elements and the weight to be given them is for the jury.

(b) "The law only requires that the case be one in which the woman did not consent." This is contrary to every other portion of the instruction and is erroneous and fatal. The law always requires something more than mere absence of consent. There must be actual resistance, or excuse, incompatible with consent, for its absence, i. e., that idiocy, sleep, fear, drugs, futility or the like, incapacitated the victim or made resistance impossible, or useless and probably dangerous.

(c) "Her resistance must not be mere pretense, but must be in good faith." So far as it goes this is absolutely correct.

(d) "The law does not require that the woman shall do more than her age, strength and all attendant circumstances make it reasonable for her to do in order to mani-

fest her opposition." True, the law does not require more, but it does require that, and this jury was not so advised.

(e)     "The question of resistance is a question of fact for you to determine and find, and not a question this court can decide." That also is correct but is contrary to (b), supra, which informs the jury that as a matter of law proof of absence of consent is sufficient proof of resistance.

Hence, considering this instruction as a whole we find it inconsistent in itself. It states two conflicting rules, one correct but incomplete, the other erroneous and prejudicial. We are unable to say which the jury followed, but cannot escape the conclusion that the only explanation of its verdict is that it followed the latter.

Where, in the absence of excuse for resistance, a jury was told such resistance was unnecessary a conviction was set aside for that error, the court saying: "This is tantamount to telling the jury that mere passive resistance, silent objection, on the part of the assaulted female, is sufficient to justify a jury in convicting of rape. Under the facts developed this was fatal error." *Anderson v. State,* 82 Miss. 784, 32 So. 202.

In 1895 one Mills was indicted in the United States District Court for the Western District of Arkansas for an alleged common-law rape committed on a white woman in the Cherokee Nation. In many respects the cause was similar to the one here under consideration. The evidence was positive and conflicting and the verdict of guilty was held conclusive on the merits. The instructions were correct but for a single clause in that portion relating to the force and resistance requisite to establish the crime. That clause read: "The fact is that all the force that need be exercised, if there is no consent, is the force incident to the commission of the act."

Mr. Justice Peckham, speaking for the Supreme Court of the United States on this subject, said: "No portion of the charge of the court, under such circumstances, can be said to be harmless if it did not state correctly and fully the law applicable to the crime, even although it may be

urged that in other portions of the charge the correct rule was laid down.  *  *  *  Such non-consent as that is no more than a mere lack of acquiescence, and is not enough to constitute the crime of rape.  *  *  *  That kind of non-consent is not enough.  *  *  *  Although it may be claimed that other portions of the charge of the learned court stated correctly the law with reference to this particular case, yet we cannot escape the fear that the error above pointed out may have found lodgment in the minds of the jury.  *  *  *  Which of the two statements was received and acted upon by the jury it is wholly impossible for this court to determine." *Mills v. U. S.,* 164 U. S. 644, 17 S. Ct. 210, 41 L. Ed. 584.

If it be true that "all the force that need be exercised, if there is no consent, is the force incident to the commission of the act," then the only resistance necessary, and the only resistance which such force could overcome, would be "passive resistance" and "silent objection."  If "passive resistance" and "silent objection" on the part of the person assaulted is all that is required, then the only force necessary would be force sufficient to overcome that resistance, and that force would be simply "the force incident to the commission of the act."  It must be admitted that this is all the force and resistance essential to the proof of a common-law rape before it can be said that "the law only requires that the case be one in which the woman did not consent."

For the error in giving instruction No. 8½ the judgment is reversed.