Davis *v.* The People.

No. 15,378.

Kloberdanz *v.* The People.
(150 P. [2d] 67)

Decided June 12, 1944.   Rehearing denied July 3, 1944.

Mr. LEONARD E. ANDERSON, Mr. T. E. MUNSON, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

PLAINTIFFS in error, defendants below, to whom we hereinafter refer as defendants, or as Davis or Kloberdanz, respectively, each were found guilty by a jury of the crime of rape, and, their motions for new trials having been denied, they were duly sentenced to serve terms in the penitentiary. Thereafter they sued out writs of error in this court, and have applied for supersedeas. The cases were tried together below, and on stipulation of counsel, are consolidated here. Defendant in error requests final determination on the application

for supersedeas and there being no objection thereto by defendants, we have elected to proceed accordingly.

A detailed statement of the evidence would only be revolting and useless. From that evidence the jurors were justified in believing that three young men and two young women, including defendants and the prosecuting witness Lottie, were in an automobile approaching Sterling, Colorado, at about 10:30 P.M. Sunday, January 31, 1943. Kloberdanz and Lottie were in the back seat and the other three in the front seat with Davis driving. The offense charged was committed in the back seat first by Kloberdanz, and after the car was stopped and defendants had changed places, by Davis; each rendering assistance to the other. In each case there is ample evidence of force and resistance. Defendants were each 17 years old, Kloberdanz was 5 feet 9 inches tall and weighed 160 pounds. Davis was 6 feet 3 inches tall and weighed 176 pounds. Lottie was eighteen years old and weighed not to exceed 120 pounds. Defendants, testifying in their own behalf, each admitted the intercourse, denied force and resistance and asserted consent. The other occupants of the car also testified on the trial.

Of the twelve assignments of error presented, those argued by counsel for defendants are: 1. The evidence was insufficient to establish the crimes charged. 2, 3. Instructions Nos. 5 and 6 given by the court were erroneous. 4. Remarks of the district attorney in his closing argument constituted reversible error.

Point No. 1. The evidence was conflicting and men's minds might well differ as to the conclusions to be drawn therefrom, but we cannot say, after reading the record, that there was not sufficient evidence to warrant the jury in finding the defendants guilty as charged. The members of the jury saw and heard the witnesses on the stand and were the judges of their credibility and the weight of the evidence, they determined the facts and unless we are willing to displace them and retry the cases upon the record presented,

then the verdicts of the jury and the judgments based thereon should not be disturbed. *Dickson v. People,* 82 Colo. 233, 259 Pac. 1038; *Weiss v. People,* 87 Colo. 44, 285 Pac. 162; *Dill v. People,* 94 Colo. 230, 29 P. (2d) 1035; *Carlson v. People,* 93 Colo. 570, 27 P. (2d) 745. We believe the correct rule is set out in *Harlan v. People,* 32 Colo. 397, at page 402 (76 Pac. 792), where we said that to constitute the crime of rape only such force is required as is necessary to overcome the woman's resistance, the degree of force depending upon the circumstances of each case, and the jury's verdict of guilty should not be disturbed except in cases where there is a total failure of proof.

██ ██ Point No. 2. Instruction No. 5, alleged to be erroneous, reads: "In a case charging 'forcible rape' the testimony of the prosecutrix must be corroborated by other evidence. Such corroboration may be shown by evidence of a struggle, or by making proof of complaint by the prosecutrix at her earliest opportunity, or by other evidence tending to prove the commission of the offense charged." The objection of defendants to this instruction is, that it authorizes conviction of forcible rape without any corroboration of the testimony of the prosecutrix with respect to the question of whether or not the act of intercourse was accompanied by force, citing *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248, where the court said: "The law does not contemplate, and seldom allows a conviction to stand upon the unsupported testimony of the prosecutrix. It requires corroborative evidence in support of the principal fact." But the court also said: "We do not wish to be understood as declaring that no conviction for the crime of rape can be sustained where it rests upon the evidence of the prosecutrix alone, and uncorroborated, but that such cases should be rare indeed. No general rule can be laid down. Each case must depend upon its own merits and surrounding circumstances, and, to a great extent, upon the character of the prosecuting witness."

In *Peckham v. People,* 32 Colo. 140, page 145 (75 Pac. 422), we said that we did not understand the rule in such cases to require corroborating testimony to the particular fact of the rape; and in *Dickens v. People,* 60 Colo. 141, page 146 (152 Pac. 909), we held that corroboration of the victim's testimony is not essential to support a conviction. It is not necessary to determine in the instant case whether corroboration as to the principal fact is essential. The trial court did not so instruct, but said: "* * * the testimony of the prosecutrix must be corroborated by other evidence," and then gave illustrations of what would constitute such corroborative evidence. We do not follow the argument of counsel for defendants that the mere proof of complaint by prosecutrix rendered unnecessary any proof of force. Elsewhere the trial court defined forcible rape, and the resistance necessary to be made by the female. (Instructions 4 and 5½) All the instructions must be considered as a whole, and as is attempted here, an assignment predicated on an isolated sentence, which, standing alone, might be misleading, must fail, for no one instruction, or portion of an instruction, may be considered by itself, and separate and apart from all the other instructions. *Porter v. People,* 31 Colo. 508, 74 Pac. 879; *Warford v. People,* 43 Colo. 107, 96 Pac. 556; *Dickens v. People,* supra; *Lowe v. People,* 76 Colo. 603, 234 Pac. 169; *Miller v. People,* 92 Colo. 481, 22 P. (2d) 626. If all the instructions, taken together, correctly state the law, they are sufficient. *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983. In 44 American Jurisprudence, page 952, section 82, it is stated: "In criminal trials for rape * * * the courts are unanimous in holding that it may be shown by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission, for the purpose of corroborating the testimony of the prosecutrix * * *." Point No. 2 is not well taken.

██ Point No. 3. Instruction No. 6 alleged to be er-

roneous, reads: "If a reasonable person under like circumstances confronting the prosecutrix at the time of the alleged commission of the crimes with which the defendants stand charged, would have been afraid to resist, or if to a reasonable person, under like circumstances, resistance would have been useless, then and in that case Lottie McDonald would be excused for any failure she may have made in her resistance, if you find she did resist, providing the act, or acts, of sexual intercourse involved in these cases was accomplished by either, or both of the defendants over her objecting and against her protest." The objections of defendants to this instruction are two-fold: First, that it allows a conviction on the charge of forcible rape without any proof of force, and, second, that it allows conviction in this case upon a charge not contained in the information, in this, to wit: that if the prosecutrix was afraid to resist, then the resistance was not necessary.

A part of the argument is, that '35 C.S.A. volume 2, page 975, chapter 48, section 58, paragraphs 3 and 4, define two separate and distinct crimes, and that the informations herein only charge the defendants with the crime defined under paragraph 3. Section 58, supra, defines rape as "an act of sexual intercourse, accomplished with, by or between a male and female person, * * * where such female person is not the wife of the * * * perpetrator, * * * under any of the following circumstances: * * * 3. By the male person of whatever age where the female person, whatever her age, resists, but her resistance is overcome by force or violence; and this is rape in the first degree; 4. By the male person of whatever age, where the female person, whatever her age, is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution * * *; and this is rape in the first degree. Succeeding section 59: "All cases of rape as herein defined as rape in the first degree shall be and are deemed carnal knowledge of a female person

forcibly and against her will." The informations in each of the present cases, except for the name of the defendant, are the same and charge, inter alia: "that [defendant] * * * being a male person, did then and there * * * forcibly and against [her] will * * *, feloniously ravish and carnally know [her] * * *, said Lottie McDonald then and there resisting and the said resistance was, by the said [defendant] overcome by force and violence, * * *."

Counsel for defendants in their briefs concede that the offenses with which the defendants were charged are common-law rapes. Three elements must be present to constitute the crime: carnal knowledge, force, and the commission of the act without the consent or against the will of the victim. 22 R.C.L., pp. 1171, 1172, §§1, 2; 44 Am. Jur., p. 902, §2. The term "by force" does not necessarily imply the positive exertion of actual physical force in the act of compelling submission of the female; but force or violence threatened as a result of noncompliance and for the purpose of preventing resistance, or extorting consent, if it be such as to create a real apprehension of dangerous consequences, or great bodily harm, or such as in any manner to overpower the mind of the victim so that she dare not resist, is, and upon all sound principles must be regarded, for this purpose, as in all respects equivalent to force actually exerted for the same purpose. 22 R.C.L., p. 1178, §9; 44 Am. Jur., p. 903, §5. In *Magwire v. People,* 77 Colo. 149, 235 Pac. 339, we said: "This is the old rule of 'resistance to the uttermost,' repudiated by the more modern and enlightened authorities which require only such resistance as age, mental and physical condition, and surrounding facts and circumstances, demand to make opposition reasonably manifest. 33 Cyc. 1506. Indeed such facts and circumstances may obviate the necessity of proof of physical resistance, as where they show fear making it impossible, or conditions making it useless." See, also, 44 Am. Jur., p. 905, §7. The question of re-

sistance is one of fact for the jury. *Magwire v. People, supra.*

The objections urged by the defendants are not well taken. The contention that the instructions allow conviction without any proof of force must be answered in the same way as the objections to instruction No. 5, that is, that the instructions must be considered as a whole and when so considered they correctly state the law. The offenses being common-law rapes instruction No. 6 was proper.

██ ██ Point No. 4. In his argument to the jury, the district attorney stated that the defendants might receive either a penitentiary or a reformatory sentence, and it is contended that this statement constituted prejudical error. Counsel for defendants frankly admit in their briefs that they made no objection to such statement, for at the time they believed it was true. The record does not contain the statement, although there is appended thereto an affidavit of the district attorney as to what it was, and an adoption of the statements in that affidavit by defense counsel. It is a familiar rule which requires no citation of authorities that objections cannot be raised for the first time in this court, except under the exceptional circumstances hereinafter discussed. In addition, the trial court in the instructions advised the jury that statements and arguments of counsel are not evidence. See, *Honda v. People,* 111 Colo. 279, 141 P. (2d) 178. It was not the function of the jury to determine whether defendants should, if found guilty, be sentenced to the penitentiary or the reformatory, but to determine from the evidence presented the guilt or innocence of the defendants. We feel that this fourth objection has no merit. One of the issues in the case of *Reppin v. People,* 95 Colo. 192, 34 P. (2d) 71, cited by counsel for defendants, had to do with the admission of evidence. True, we there said that we might take notice of grave prejudicial error, even though no objection thereto had been made in the trial court. But

the alleged error here presented does not impress us as being seriously prejudicial to the rights of defendants. They were represented by able counsel and the record shows that objections were plentiful throughout the trial. We feel that this point, to which counsel paid no attention during the trial, was not of that grave nature which warrants notice by us in the absence of objection below.

Finding no reversible error, the judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD dissenting.

While we do not pause to state at length the reasons which prompt us to that end, we dissent because of our conviction that plaintiffs in error did not have a fair trial; and that, we submit, is the whole concern of reviewing ministers of justice.