## No. 20671.

ROSENDO ERNEST CORTEZ *v.* THE PEOPLE OF THE
STATE OF COLORADO.

(394 P.2d 346)

Decided July 27, 1964.

318

Mr. CHARLES D. PIERCE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*In Department.*

· Opinion by MR. JUSTICE DAY.

PLAINTIFF in error was the defendant in the trial court and by the information was charged in two counts. In count 1 he was accused of "rape by force and violence," and in count 2 of "rape by force and violence *and* by threats of bodily harm."

At the close of the People's case defendant moved for directed verdict of acquittal which was denied, and at the close of all of the evidence, over objection of the defendant, the trial court instructed the jury both as to rape by force and violence and rape by threats of bodily harm, and submitted for the jury's consideration verdicts on both counts of the information. The jury found the defendant "guilty of rape by threats of bodily harm as charged in the second count of the information." Defendant's motion for new trial was denied, and he was sentenced to a term in the Colorado State Penitentiary.

Defendant is here by writ of error claiming that the

evidence does not support a verdict of "guilty of rape by threats of bodily harm." He contends that the evidence of the state, if believed, might be sufficient to sustain a verdict of guilty on the charge contained in the first count, but the jury not having returned a verdict on that count, might have rejected the evidence of the prosecutrix. For other grounds he attacks as erroneous Instructions Nos. 11 and 12 given by the court over objections.

1. *The Sufficiency of the Evidence to Support the Verdict on the Second Count of the Information.*

Defendant grounds his argument on this point with the assertion that the second count charged him with "rape by threats of bodily harm." Count No. 2, however, did not charge the defendant in the exact wording of C.R.S. '53, 40-2-25 (4). The wording of the charge varied slightly from the wording of the statute by making an accusation as to the specific manner in which it was alleged the crime was committed. The charge reads:

"* * * ROSENDO ERNEST CORTEZ, a male person, feloniously, wilfully and forcibly made an assault upon one Betty Gallegos, a female person not then and there his wife, and then and there feloniously, violently, forcibly and by threats of immediate and great bodily harm to her from him, and against her will, *she having resisted and her resistance having been overcome by force, violence and said threats of immediate and great bodily harm,* did forcibly rape and carnally know her, the said Betty Gallegos; * * *." (Emphasis supplied.)

The information was not challenged by any motion prior to the trial. It was legally sufficient and in language from which the nature of the charge could be readily understood by the accused and the jury. An information need not follow the exact wording of the statute. *Sarno v. People,* 74 Colo. 528, 223 Pac. 41; *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368.

Thus the defendant was accused of rape by force, violence *and* threats of immediate and great bodily

harm. It is proper in one count of an information to charge in all ways in which a crime may be committed by the use of the word "and" even where the statute uses "or." *Moffit v. People,* 59 Colo. 406, 149 Pac. 104; *Howard v. People,* 97 Colo. 550; 51 P.2d 594.

Though C.R.S. '53, 40-2-25, is not in the disjunctive in the sense that it employs the word "or," it is divided into subsections which are disjunctive in the very nature of the construction of the section. Only one crime is described, divided into first, second and third degree offenses. Rape in the first degree may be accomplished by any one of the ways specified in any one subsection or by a combination of one or more.

Testimony of the complaining witness to support the charge of force *and* violence *and* threats is ample. We need not detail the questions and the answers in stating that the testimony of the prosecutrix revealed a shocking recital of intermittent beatings interspersed by threats such as "He just kept telling me that he was going to kill me if I didn't." The prosecutrix was asked, "Were you afraid?" to which she answered "Yes." She also testified that she was in "fear." This testimony, together with the other evidence showing that the victim had received a beating, had been "thrown into the back seat of the car" supports all of the ways defendant employed to accomplish his purpose and which the information charged.

It must be noted that the defendant contended that the prosecutrix took her own clothes off and submitted voluntarily. He argues that the fact that her clothes were neatly folded, were not torn, is physical evidence of this contention. Even so, submission induced by fear of great bodily harm does not constitute consent, and this is particularly true where the threats are accompanied by a demonstration of actual force. Thus the jury could have determined that any failure in her resistance was caused by fear. In *Magwire v. People,* 77 Colo. 149, 235 Pac. 339, this court repudiated the old

rule of resistance to the utmost. "\* \* \* Such acts and circumstances may obviate the necessity of proof of physical resistance, as where they show fear making it impossible, or conditions making it useless." See also *Davis v. People,* 112 Colo. 452, 150 P.2d 67. Thus we have all the elements of the crime: lack of consent, resistance, and the crime consummated by force, violence and fear of more bodily harm.

II. *The Question of the Propriety of Two Instructions.*

■ It is claimed that by giving Instructions 11 and 12 the court misled the jury in its deliberations and caused it to go beyond the evidence to return a verdict not substantiated by the evidence. Appellant relies upon the authority of *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058, which dealt with these same instructions. By Instruction No. 11 the jury was advised that the act of the accused does not constitute rape unless it appears from the evidence:

"\* \* \* that the female made all of the resistance reasonably within her power and which the surrounding facts and circumstances demanded to make opposition to sexual intercourse reasonably manifest, or that her will was, or had previously been, overcome by the force or threats of the defendant to the extent that it put her in such fear and terror that she could not, or dared not, resist further."

What has been previously said about the evidence and its sufficiency to support a verdict of rape by force and violence and by fear also answers the objection to Instruction No. 11. The sum of the testimony of prosecutrix is that she tried to resist, that she was threatened and beaten, and then threatened again. All of this was her explanation as to how her will was finally overcome. Tested by the holding in *Magwire v. People,* supra, the instruction under the evidence in this case was proper.

Instruction No. 12 advised the jury that the force necessary to compel submission of the female need not

be actual physical force "but force or violence threatened as a result of non-compliance and for the purpose of preventing resistance, or extorting consent, if it be such as to create a real apprehension of dangerous consequences, or great bodily harm, or such a recent physical attack upon the female, which could create a real apprehension of dangerous consequences or be such as in any manner to overpower the mind of the victim so that she dare not resist is, and upon all sound principles must be regarded, for this purpose, as in all respects equivalent to force actually exerted for the same purpose."

In the Futamata case the above Instruction No. 12 was not given, but tendered by the People and refused. This was held not to be error because of the factual situation and the attempt to define *threats* as *force* rather than as a substitution for force. Both of the instructions were criticized because in that case there was an absence of proof that any actual force was used in the commission of the act. It was said in the Futamata case that under such circumstances the jury probably was confused by the statement, "No rape is committed unless sexual intercourse is accomplished by force." That particular sentence in the instruction tendered in the Futamata case was not used by the court in the case at bar.

Other matters urged have been noted and are without merit. We decline to comment on them.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.